**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW THOMAS PURSE,<br><br>Defendant. | No. 21-mj-475 (GMH) |

## MEMORANDUM OPINION AND ORDER

On June 14, 2021, the government submitted an application for a criminal complaint and arrest warrant against the putative Defendant, Matthew Thomas Purse, in connection with his alleged conduct at the U.S. Capitol on January 6, 2021.[1]  On June 15, 2021, the undersigned had a telephone conference with the Assistant U.S. Attorney presenting the application and explained why the application as currently formulated is deficient, after which the government asserted that it would amend the application.  This Opinion memorializes the reasons that the application would not be granted absent amendment.

The statement of facts supporting the application asserts that an individual whom law enforcement has probable cause to believe is Purse was captured in photographs and on video on January 6, 2021, inside the Capitol "wearing a black tactical vest with the words 'PRESS' on his chest and back[ ] and a black helmet with the words 'PRESS' on either side," and carrying "a long black pole, with what appears to be a recording device at the end of the pole."  Statement of Facts at 2.  The suspect entered the Capitol at approximately 2:59 p.m.—about one hour after individuals first forced their way into the building—and, once in the Rotunda, "[stood] off to the side,

---

[1] It is the practice in this district to docket criminal complaints, their supporting affidavits, and any arrest warrants only after they have been approved and signed by a judge.  Because the application at issue here has not been so approved, the application package is attached to this Memorandum Opinion and Order.

observing the crowd's interactions with [ ] law enforcement officers." *Id.* at 2, 4.  Four minutes

later, the government avers that, "as the crowd became more volatile," Purse "crossed the room

and exited the Rotunda." *Id.* at 4.  He left the Capitol building at approximately 3:12 p.m., thirteen

minutes after he entered.  *Id.*  The statement of facts includes no statements of Purse—whether

before, during or after January 6—or any other actions by him on January 6 (other than those

articulated above), from which his intent while in the Capitol can be derived.  In a footnote, the

affiant asserts that he "could not identify [Purse] as being associated with the press or having

possessed press-credentials related to the U.S. Capitol." *Id.* at 2 n.1.[2]  Those facts do not provide

a sufficient basis to issue the complaint and arrest warrant, as presently drafted.

        First, the government seeks to charge the suspect with four misdemeanor counts:

knowingly entering or remaining in any restricted building without lawful authority to do so, in

violation of 18 U.S.C. § 1752(a)(1); knowingly and with intent to impede or disrupt the orderly

conduct of government business or official functions, engaging in disorderly or disruptive conduct

in a restricted building and, in fact, impeding or disrupting the orderly conduct of government

business or official functions, in violation of 18 U.S.C. § 1752(a)(2); willfully and knowingly

uttering loud, threatening, or abusive language, or engaging in disorderly or disruptive conduct in

any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of

congressional business, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating,

or picketing in any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(G).  However,

the statement of facts in support of the application does not provide an adequate factual basis to

find probable cause to believe that Purse had the requisite intent for some, if not all, of those

crimes, especially given his markings as a member of the press (whether he meets the

---

[2] The government provides no indication in its application of how it defines "the press" or "being associated with the press," the legal basis for those definitions, or of how the facts with respect to Purse fail to meet those definitions.

government's definition of "being associated with the press" or not) and the lack of any statements or actions by him that he was anything other than an observer of the events at the Capitol on January 6th.

Second, the Supreme Court has noted that, when it comes to criminal process, the freedoms guaranteed by the First Amendment should be guarded with "scrupulous exactitude." *Zurcher v. Stanford Daily*, 436 U.S. 547, 564 (1978) (quoting *Stanford v. Texas*, 379 U.S. 476, 485 (1965)). The Department of Justice's own regulations recognize that objective: "Because the freedom of the press can be no broader than the freedom of members of the news media to investigate and report the news, the Department's policy is intended to provide protection to members of the news media from certain law enforcement tools . . . that might unreasonably impair newsgathering activities." 28 C.F.R. § 50.10(a)(1).  Indeed, those regulations state:

> No member of the Department [of Justice] shall seek a warrant for an arrest . . . of a member of the news media for any offense that he or she is suspected of having committed in the course of, or arising out of, newsgathering activities without first providing notice to the Director of the Office of Public Affairs and obtaining the express authorization of the Attorney General.

28 C.F.R. § 5010(f)(2).  Here, there is little to indicate that the government has considered that policy or the values protected by it.  The statement of facts includes a single footnote asserting that, "as part of this investigation," the affiant "could not identify [Purse] as being associated with the press or having possessed press-credentials related to the U.S. Capitol."  Statement of Facts at 2 n.1.  There is no supporting detail about what investigation was performed in connection with determining if the suspect is a member of the news media or how any such determination was made.  Moreover, the Assistant U.S. Attorney could not represent to the undersigned that the Attorney General has given his "express authorization" for Purse's arrest as otherwise would be required by 28 C.F.R. § 50.10(f)(2).

For these reasons, the undersigned would not issue a criminal complaint and arrest warrant based on the application as submitted on June 14, 2021.

Accordingly, it is hereby

**ORDERED** that, if the government chooses to submit an amended application seeking Purse's arrest, that the amended application be submitted to the undersigned.  Alternatively, if the government wishes to stand on its original application, it may, by this Order, deem that application denied and appeal its denial to Chief Judge Howell.

Date: June 15, 2021

Digitally signed by
G. Michael Harvey
Date: 2021.06.15
16:59:18 -04'00'

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| United States of America | ) | Case: 1:21-mj-00475 |
|---|---|---|
| v. | ) | Assigned To : Harvey, G. Michael |
| Matthew Thomas Purse | ) | Assign. Date : 6/14/2021 |
| DOB: 02/28/1976 | ) | Description: Complaint w/ Arrest Warrant |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the

_____ in the District of ____ Columbia ____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted  Building or Grounds , | |
| 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a   Restricted Building or Grounds, | |
| 40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building, | |
| 40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building  . | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Justin Smet, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____ 06/15/2021 _____

_____
*Judge's signature*

City and state:        Washington, D.C.            G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:21-mj-00475 |
| | ) Assigned To : Harvey, G. Michael |
| Matthew Thomas Purse | ) Assign. Date : 6/14/2021 |
| DOB: XXXXXX | ) Description: Complaint w/ Arrest Warrant |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the
_____ in the District of ____Columbia____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1752(a)(1) - | Entering and Remaining in a Restricted  Building or Grounds , |
| 18 U.S.C. § 1752(a)(2) - | Disorderly and Disruptive Conduct in a   Restricted Building or Grounds, |
| 40 U.S.C. § 5104(e)(2)(D) - | Disorderly Conduct in a Capitol Building, |
| 40 U.S.C. § 5104(e)(2)(G) - | Parading, Demonstrating, or Picketing in a Capitol Building  . |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Justin Smet, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date:   ____06/15/2021____

_____
*Judge's signature*

City and state:   _____Washington, D.C._____   G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

**STATEMENT OF FACTS**

Your affiant, Justin Smet, is a Special Agent assigned to the Federal Bureau of Investigation ("FBI") Los Angeles Field Office's Long Beach Resident Agency Joint Terrorism Task Force. In my duties as a Special Agent, I investigate violations of the laws of the United States, specifically investigations related to domestic and foreign terrorism. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the U.S. Congress convened at the U.S. Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the U.S. House of Representatives and the U.S. Senate were meeting in separate chambers of the U.S. Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the U.S. House of Representatives and U.S. Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the U.S. Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the U.S. Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

Photographs and videos of several of these persons were disseminated via social media and other open source online platforms. These persons included a white male, wearing a black tactical vest with the words "PRESS" on his chest and back, and a black helmet with the words "PRESS" on either side. The images below, depict the individual, whom law enforcement has probable cause to believe is Matthew Thomas Purse ("PURSE"), known to reside in California.[1]

 

According to video footage, on January 6, 2021, PURSE entered the U.S. Capitol at approximately 2:59 pm. As depicted below, PURSE entered through the Columbus Door on the eastern side of the building, carrying a long black pole, with what appears to be a recording device at the end of the pole.

---

[1] Your affiant, as part of this investigation, could not identify PURSE as being associated with press or having possessed press-credentials related to the U.S. Capitol.





After entering the U.S. Capitol, PURSE proceeded to the Rotunda.  As depicted below, highlighted in the red box, while inside the Rotunda, PURSE was identifiable in the crowd due to his long black pole as well as the white "PRESS" labels on his attire.



PURSE appeared to be standing off to the side, observing the crowd's interactions with the law enforcement officers.  At approximately 3:03 pm, as the crowd became more volatile, as depicted below in the red box, PURSE crossed the room and exited the Rotunda.



According to video footage, PURSE exited the U.S. Capitol at approximately 3:12 pm.



Following January 6, 2021, your affiant reviewed information provided by United Airlines, which confirmed that PURSE traveled to Washington D.C. prior to January 6, 2021. The information revealed PURSE traveled from California to Washington D.C. on January 5, 2021, and returned to California from Washington D.C. on January 8, 2021.

Your affiant learned through public records that the phone number associated with PURSE ends in 8859 ("8859 Number"). Your affiant confirmed this information with the phone provider, AT&T Corporation ("AT&T"). According to the records provided by AT&T, the subscriber to the 8859 Number is Overwatch LLC, one of PURSE's LLCs, and the contact name on the account is "Matthew Purse." The address associated with the AT&T account is an address in Newport Beach, CA. According to AT&T, on January 6, 2021, the 8859 Number pinged of the cellular tower closest to the U.S. Capitol.

On March 30, 2021, your affiant learned that PURSE's address, listed with the California Department of Motor Vehicles, is also the same Newport Beach address. Further review revealed that the address is a business address for the Mail Room of Newport Beach, a privately owned post office that provides a variety of mail services, including post office ("PO") box rentals.

On April 1, 2021, your affiant spoke to an employee of the Mail Room. According to the employee, PURSE rents one of the PO boxes, and has rented the box since 2015. On May 6, 2021, your affiant returned to the Mail Room and spoke to the employee. When your affiant showed the employee the below pictures and asked the employee to identify the person, the employee immediately pointed to PURSE and stated, "Matt Purse."



Since April, your affiant has located PURSE, who is believed to reside in Irvine, California. The address of PURSE's residence is under another LLC, also associated with PURSE, known as Disruptive Technologies, LLC.  On two separate occasions, your affiant observed two seperate vehicles parked outside of the building, both of which are registered to PURSE.

On May 28, 2021, your affiant conducted surveillance at PURSE's residence and observed a male, matching the description of PURSE, exit the residence to dump trash in a nearby dumpster.

Based on the foregoing, your affiant submits that there is probable cause to believe that PURSE violated 18 U.S.C. §§ 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that PURSE violated 40 U.S.C. §§ 5104(e)(2)(D) and (G),  which makes it a crime to willfully and knowingly  (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the ntent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Justin Smet
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 15th day of June 2021.

G.  MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | )  Case: 1:21−mj−00475 |
| v. | )  Assigned To : Harvey, G. Michael |
| Matthew Thomas Purse (AKA: Matt) | )  Assign. Date : 6/14/2021 |
| | )  Description: Complaint w/ Arrest Warrant |
| | ) |
| | ) |
| _____ | ) |
| *Defendant* | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*                    Matthew Thomas Purse                    ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment      ❏ Superseding Indictment      ❏ Information      ❏ Superseding Information      ☒ Complaint
❏ Probation Violation Petition      ❏ Supervised Release Violation Petition      ❏ Violation Notice      ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted  Building or Grounds ;
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a   Restricted Building or Grounds;
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building;
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building  .

Date:      06/15/2021
                                                   _____
                                                        *Issuing officer's signature*

City and state:            Washington, D.C.            G. Michael Harvey, U.S. Magistrate Judge
                                                        *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____            _____ <br> *Arresting officer's signature* <br><br> _____ <br> *Printed name and title* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case: 1:21−mj−00475 |
| | : | Assigned To : Harvey, G. Michael |
| **v.** | : | Assign. Date : 6/14/2021 |
| | : | Description: Complaint w/ Arrest Warrant |
| | : | **VIOLATIONS:** |
| | : | |
| **MATTHEW THOMAS PURSE,** | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Entering and Remaining in a Restricted** |
| | : | **Building or Grounds)** |
| **Defendant.** | : | |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restricted Building or Grounds)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)(D)** |
| | : | **(Disorderly Conduct in** |
| | : | **a Capitol Building)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)(G)** |
| | : | **(Parading, Demonstrating, or Picketing in** |
| | : | **a Capitol Building)** |

## <u>MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.   In support thereof, the government states as follows:

1.      The United States is investigating allegations that Matthew Thomas Purse willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G).

2.      The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation.   The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant.   The Government also anticipates imminently obtaining one or more search warrants for items believed to be in the defendant's possession.   Premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.      As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"   Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant.   A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making

public the Complaint and Arrest Warrant.

      **WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

                    Respectfully submitted,

                    CHANNING D. PHILLIPS
                    ACTING UNITED STATES ATTORNEY
                    D.C. Bar No. 415793

           By:    */s/ Lucy Sun*
                    Lucy Sun
                    Assistant United States Attorney
                    Massachusetts Bar Number 691766
                    United States Attorney's Office
                    Detailee – Federal Major Crimes
                    555 Fourth Street, N.W.
                    Washington, D.C.   20530
                    Telephone: (617) 590-9468
                    Email: lucy.sun@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case: 1:21−mj−00475<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 6/14/2021<br>Description: Complaint w/ Arrest Warrant |
|  | : |  |
| **v.** | : |  |
|  | : | **VIOLATIONS:** |
|  | : |  |
| **MATTHEW THOMAS PURSE,** | : | **18 U.S.C. § 1752(a)(1)**<br>**(Entering and Remaining in a Restricted**<br>**Building or Grounds)** |
|  | : |  |
|  | : |  |
| **Defendant.** | : |  |
|  | : | **18 U.S.C. § 1752(a)(2)**<br>**(Disorderly and Disruptive Conduct in a**<br>**Restricted Building or Grounds)** |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | **40 U.S.C. § 5104(e)(2)(D)**<br>**(Disorderly Conduct in**<br>**a Capitol Building)** |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | **40 U.S.C. § 5104(e)(2)(G)**<br>**(Parading, Demonstrating, or Picketing in**<br>**a Capitol Building)** |
|  | : |  |
|  | : |  |

## <u>ORDER</u>

This matter having come before the Court pursuant to the application of the United States to seal criminal complaint, the Court finds that, because of such reasonable grounds to believe the disclosure will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation, the United States has established that a compelling governmental interest exists to justify the requested sealing.

1.      IT IS THEREFORE ORDERED that the application is hereby GRANTED, and that the affidavit in support of criminal complaint and other related materials, the instant application to seal, and this Order are sealed until the arrest warrant is executed.

1

2.      IT IS FURTHER ORDERED that the Clerk's office shall delay any entry on the public docket of the arrest warrant until it is executed.

Date: June 15, 2021

_____
JUDGE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

2