UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  v.<br><br>MATTHEW PURSE,<br><br>            Defendant. | CASE NO. 1:21-CR-00512-PLF<br><br>**Honorable Paul L. Friedman**<br>**United States District Judge** |

**MATTHEW PURSE'S MOTION TO MODIFY ORDER SETTING CONDITIONS OF**

**RELEASE**

Stephen G. Larson (Bar 1046780)
Hilary Potashner (Admitted *pro hac vice)*
LARSON LLP
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071
Tel:  (213) 436-4888
Fax: (213) 623-2000
Email: slarson@larsonllp.com
Email:  hpotashner@larsonllp.com

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Matthew Purse, by and through his attorneys of record, hereby moves this Court for an order modifying the Order Setting Conditions Of Release filed on July 26, 2021 (the "Order") pursuant to 18 U.S.C. Sections 3142(c)(3) and 3145(a)(2). Notably, on July 22, 2022, the Pretrial Services Office informed Mr. Purse that it did not object to this Motion. (*See* Potashner Decl., ¶¶ 9-10).

**I.      INTRODUCTION**

Mr. Purse seeks to relocate from Irvine, California to Boise, Idaho because he is starting a new food manufacturing technology company which will be based in Garden City, a suburb of Boise. (Potashner Decl., ¶ 2). While Mr. Purse is not expressly prohibited from relocating to Idaho under the current Order, he is required to comply with the conditions associated with courtesy supervision by the Central District of California, which includes living within its district. Accordingly, Mr. Purse now requests that the Court modify this Order to change courtesy supervision from the Central District of California to the District of Idaho.

**II.     FACTUAL BACKGROUND**

On July 26, 2021, the Court entered the Order Setting Conditions Of Release. (Doc. 8). The Order provides, among other things, that Mr. Purse must "abide by the following restrictions on personal association, residence, or travel: Stay away from Washington D.C. except for attendance at Court proceedings, meeting with counsel, and required PSA business. See (t) for additional travel restrictions." (Order, at § (7)(f)).

Subsection (t) further provides, "Defendant must notify the Central District of California in advance of any and all travel outside of the Central District of California. Defendant must receive the Court's approval for any travel outside of the Continental United States. Defendant

1

shall receive and comply with courtesy supervision of the Central District of California." (*Id.* at § (7)(t).

Pretrial Services Officer John Copes has routinely noted that Mr. Purse has been in compliance with the Order's terms and conditions in each of the Pretrial Services Status Reports. (*See* Doc. 12 (dated 8/23/21); Doc. 14 (dated 8/27/21); Doc. 22 (dated 10/21/21); Doc. 30 (dated 2/9/22); and Doc. 32 (dated 3/3/22).

On July 22, 2022, Officer Copes informed Mr. Purse that neither he, Officer Trabucco (the Probation Officer who is currently providing courtesy supervision of Mr. Purse in the Central District of California), nor Officer Osborne (the Probation Officer in the District of Idaho) objected to Mr. Purse's request to relocate to Boise and submit to the courtesy supervision of the District of Idaho. (Potashner Decl., ¶¶ 9-10).

The government, however, opposes this request. (Potashner Decl., ¶¶ 13, 15).

### III.  **LEGAL STANDARD**

"If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person" … (B) <u>subject to the least restrictive further condition</u>, or combination of conditions, that such judicial officer determines <u>will reasonably assure the appearance of the person as required and the safety of any other person and the community</u>, which may include the condition that the person …(iv) abide by specified restrictions on personal associations, place of abode, or travel;… (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency…." 18 U.S.C. § 3142(c)(1) (emphasis added).

"The judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Moreover, "if a person is ordered released by a

magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court… (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release" and "[t]he motion shall be determined promptly." 18 U.S.C. § 3145(a)(3).

## IV. ARGUMENT

Although Mr. Purse is not expressly restricted from moving to Boise, Idaho under the current Order, he is required to submit to the courtesy supervision of the Central District of California and this supervision includes the requirement that he live in approved housing within the Central District of California. Given that Mr. Purse would like to relocate his residence from Irvine, California to Boise, Idaho for work, he requests that the Court modify the Order to change courtesy supervision from the Central District of California to the District Court of Idaho.

Although on July 22, 2022, the Pretrial Services Office informed Mr. Purse that it did not object to transferring courtesy jurisdiction to the District Court of Idaho, the government has advised that it does oppose this Motion. (Potashner Decl., ¶¶ 9-10, 13, 15). The government has advised that it is concerned over the fact that Mr. Purse intends to reside at an extended-stay hotel as opposed to a more permanent residence. However, given the pretrial nature of these legal proceedings, Mr. Purse is not in a position to enter into a housing rental agreement at this time. More importantly, there is little risk that a move to Boise, or Mr. Purse's intent to live in an extended-stay hotel during the pendency of this case, will have any effect on Mr. Purse's future court appearances, nor will it endanger the safety of any other person or the community. Indeed, to date Mr. Purse has routinely been found to be in full compliance with the conditions of his pretrial release. As such, a modification of the Order is appropriate under 18 U.S.C. Section 3142.

**V.      CONCLUSION**

For the foregoing reasons, Mr. Purse respectfully requests that the Court grant this Motion and modify the Order to transfer courtesy supervision from the Central District of California to the District Court of Idaho, permitting Mr. Purse to live within the same district as his new business.


Dated:  August 8, 2022                              Respectfully submitted,

                                                                      LARSON LLP


                                                    By:         /s/ Stephen G. Larson
                                                                      Stephen G. Larson (Bar 1046780)
                                                                      Hilary Potashner (Admitted *pro hac vice*)
                                                                      LARSON LLP
                                                                      555 S. Flower Street
                                                                      Suite 4400
                                                                      Los Angeles, CA  90071
                                                                      Tel:  (213) 436-4888
                                                                      Attorneys for Defendant Matthew Purse