UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW PURSE,<br><br>    Defendant. | CASE NO. 1:21-CR-00512-PLF<br><br>**Honorable Paul L. Friedman**<br>**United States District Judge** |

**MATTHEW PURSE'S REPLY IN SUPPORT OF MOTION TO MODIFY ORDER**

**SETTING CONDITIONS OF RELEASE**

                Stephen G. Larson (Bar 1046780)
                Hilary Potashner (Admitted *pro hac vice*)
                LARSON LLP
                555 S. Flower Street
                Suite 4400
                Los Angeles, CA 90071
                Tel:  (213) 436-4888
                Fax: (213) 623-2000
                Email: slarson@larsonllp.com
                Email:  hpotashner@larsonllp.com

**I.      INTRODUCTION**

Matthew Purse has been released on pretrial supervision for the last 13.5 months. He has not been accused of violating a single term of his release, nor has he missed any court appearances. Instead, the PTS reports submitted to this Court repeatedly reflect Mr. Purse's full compliance with pretrial supervision. By filing the Motion to Modify the Order Setting Conditions of Release (the "Motion"), Mr. Purse does not seek any modification that would make the terms of his release less stringent. He is simply requesting that he be permitted to reside in the District of Idaho rather than the Central District of California.

The government's Opposition confirms that there is no basis for the Court to deny this Motion. Rather than focus the applicable legal standard, the government's Opposition instead seeks to distract the Court by raising a number of extraneous issues which have no bearing on Mr. Purse's request. The sole question before this Court is whether a move from Irvine, California to Boise, Idaho would either (1) pose a danger to a person or the community or (2) not reasonably assure Mr. Purse's appearances in future proceedings. The government has not, and cannot, argue that a move to Boise would result in either. As such, Mr. Purse respectfully requests that the Court grant his Motion.

**II.     ARGUMENT**

When the Court sets conditions of release, it must ensure that it imposes "<u>the least restrictive further condition</u>, or combination of conditions, that such judicial officer determines <u>will reasonably assure the appearance of the person as required and the safety of any other person and the community</u>." 18 U.S.C. § 3142(c)(1)(B)(emphasis added). The government's Opposition does not, and cannot, claim that Mr. Purse poses a danger to anyone, and thus instead argues that Mr. Purse's Motion should be denied because Mr. Purse poses a flight risk. However, the government does not, and cannot, explain how a move from Irvine to Boise

increases the risk of Mr. Purse failing to appear in court.  Worse yet, the government's Opposition distorts the facts in order to manufacture a concern over a flight risk which does not exist.

Preliminarily, while Mr. Purse's work-related reasons for wanting to move to Boise are very important to him, they are irrelevant to the strength of his Motion—the only pertinent question is whether requiring Mr. Purse to reside in the Central District of California is necessary to assure his future appearances in court.  The government even concedes this point, arguing at length that the inconvenience of the imposed restrictions is not relevant to the Court's decision regarding whether to modify the conditions of release.  *See* Doc. 38 at p. 11.  Indeed, the cases the government relies upon all confirm that the sole focus should be on whether the Court's conditions are necessary to protect public safety and ensure future court appearances.  *See United States v. Lee*, 451 F. Supp. 3d 1, 7 (D.D.C. 2020) ("[T]he statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release.*"); *United States v. Peguero*, 2021 WL 4811315, at *3 (W.D. Ky. Oct. 14, 2021) ("While, choosing the 'least restrictive' combination of condition does require some analysis of the level of restriction placed on a defendant, the focus is on what combination of conditions will accomplish the goals of ensuring the defendant's appearance and protecting the community, not on how those conditions impact the defendant."); *United States v. Gay*, 2020 WL 5983880 at *3 (C.D. Ill. Oct. 7, 2020) ("Whenever a court imposes conditions, or modifies them, it must determine 'whether any condition or combination of conditions ... will reasonably assure the appearance of such person as required and the safety of any other person and the community.'").  Accordingly, the government's contention that the Court should deny Mr. Purse's Motion because he failed to attach documentation regarding his business opportunity is completely without merit.  *See* Doc. 38 at p. 10.

Moreover, the government's contention that a move to Boise would increase the likelihood of Mr. Purse fleeing is baseless for numerous reasons:

First, the government acknowledges, as it must, that Mr. Purse is currently subject to location monitoring. Doc. 38 at p. 9. The fact that Mr. Purse will still be subject to location monitoring while in Boise heavily mitigates any risk that Mr. Purse will fail to appear in court once he relocates.

Second, Mr. Purse is currently permitted to travel anywhere in the continental United States, other than Washington D.C., with permission from Pretrial Services. *See* Doc. 8 at § (7)(t). Given that Mr. Purse is currently free to travel within the United States with minimum restrictions, there is no reason to restrict him from relocating his residence.

Third, although the government notes that Mr. Purse uses a P.O. box, there is nothing nefarious about an individual protecting his privacy through the use of a P.O. box. Indeed, the government cannot contend that Mr. Purse was using a P.O. box in an attempt to evade law enforcement because he has used P.O. boxes going back to when he resided in Arizona, and has had his current P.O. box since 2017, well before the alleged conduct in this case.

Fourth, while the government is apparently concerned that Mr. Purse intends to stay in an extended stay hotel, they concede that he is currently living in a warehouse that he does not own. Doc. 38 at p. 8. Mr. Purse disclosed his living arrangements to Pretrial Services in the Central District of California from the outset of their courtesy supervision and Pretrial Services did not require him to relocate to a "more stable" residence. More importantly, the government has not, and cannot, explain how Mr. Purse living in an Extended Stay Hotel poses a greater flight risk than his current living situation. Moreover, Mr. Purse disclosed his intention to move into an extended stay hotel in Boise and neither Officer Osborne (of the District of Idaho) nor Officer Copes (of the D.C. District) objected to his proposed living arrangement.

Fifth, Mr. Purse's prior conduct demonstrates that he is not likely to miss a court appearance if he were permitted to relocate to Boise. Indeed, Mr. Purse has never missed an appearance in this case and has been fully compliant with the Order Setting Conditions of Release. Moreover, Mr. Purse never missed a court appearance in either of the two prior criminal cases brought against him in Arizona. To the contrary, in *United States v. Matthew Thomas Purse*, Case No. 2:08-CR-01359-GMS (D. Arizona), Mr. Purse was in Thailand and he *voluntarily returned* for his arraignment. *See* Doc. 8 (Dec. 8, 2008 Motion to Continue Arraignment) (requesting a continuance because "Mr. Purse is presently out of the country on a business trip."). Moreover, in that case, Mr. Purse pled guilty and was extremely cooperative. According to the government, Mr. Purse's "cooperation was significant because his candor allowed the government to more fully charge and prosecute the full breadth of" the conduct. Case No. 2:08-CR-01359-GMS, Doc. 30 (Oct. 2, 2009 Government Motion); *see also* Doc. 88 (March 11, 2011 Government Motion) (noting that Mr. Purse "self-surrendered to begin serving his sentence on March 8, 2010"). Indeed, the government praised Mr. Purse's cooperation with the investigation:

> In many respects, Mr. Purse could have decided to be uncooperative or less helpful, without the government having much recourse against him. Instead, he did just the opposite. He had a wonderful attitude, and worked very hard to recall what occurred several years ago. He was forthright about his other criminal missteps, some of which are still within the statute of limitations. In other words, he could have blocked such inquiries, but chose to fully reveal all his dishonest conduct, knowing that it could be used by the defense for impeachment, and by law enforcement in subsequent prosecutions. *Id.* (emphasis added).

Additionally, the District Court in Arizona released Mr. Purse from supervised release early because he had "complied with the rules and regulations of supervised release and is no longer in need to supervised release." Doc. 105

4

(June 19, 2003 Order terminating Probation/Supervised Release Prior To Original Expiration Date).

In short, there is no basis for the government to conclude that a move to Boise will have any adverse effect on Mr. Purse's future court appearances, let alone that a restriction requiring him to reside in the Central District of California is the least restrictive requirement necessary to ensure his appearances. As such, there is no basis to deny Mr. Purse's request to relocate.

### III.     CONCLUSION

Under the applicable legal standard, the only question is whether the current requirement that Mr. Purse reside in the Central District California is the least restrictive means of ensuring future court appearances and public safety. It is not. The government has not provided any reason for the Court to find that a move to Boise will have any adverse effect on either public safety or future court appearances. Accordingly, Mr. Purse respectfully requests that this Court grant his Motion.

Dated:  September 9, 2022                    Respectfully submitted,

                                                                LARSON LLP

                                                                By: /s/ Stephen G. Larson
                                                                Stephen G. Larson (Bar 1046780)
                                                                Hilary Potashner (Admitted *pro hac vice*)
                                                                LARSON LLP
                                                                555 S. Flower Street
                                                                Suite 4400
                                                                Los Angeles, CA  90071
                                                                Tel:  (213) 436-4888
                                                                Attorneys for Defendant Matthew Purse