UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>MATTHEW PURSE,<br><br>            Defendant. | CASE NO. 1:21-CR-00512-PLF<br><br>**Honorable Paul L. Friedman**<br>**United States District Judge**<br><br>**(Oral Argument Requested)** |

**MATTHEW PURSE'S SUPPLEMENTAL BRIEF RE: *UNITED STATES V. ROBERTSON* IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT**

Stephen G. Larson (Bar 1046780)
Hilary Potashner (Admitted *pro hac vice)*
LARSON LLP
555 S. Flower Street
30th Floor
Los Angeles, CA 90071
Tel: (213) 436-4888
Fax: (213) 623-2000
Email: slarson@larsonllp.com
Email:  hpotashner@larsonllp.com

I.      **INTRODUCTION**

The government's Notice of Supplemental Authority [ECF No. 48] asserts that the recent D.C. Circuit decision *United States v. Robertson*, 2023 WL 8010264 (D.C. Cir. Oct. 20, 2023) supports its Opposition to Mr. Purse's Motion to Dismiss the Indictment [ECF No. 35]. Not so. The holding in *Robertson* was extremely narrow—namely, that Robertson's use of force, which in and of itself constituted a felony, was sufficient to support a finding that he acted "corruptly" under 18 U.S.C. § 1512(c)(2). Here, there are no allegations that Mr. Purse used any force or engaged in any independent felonious activity. To the contrary, the government only alleges that Mr. Purse entered the Capitol building thirty-nine minutes *after* Congress had adjourned, that he spent a total of thirteen minutes in the building, and that while inside, he did nothing other than stand off to the side videotaping the protestors. As such, other than the Section 1512(c)(2) charge, Mr. Purse is only charged with misdemeanor trespass and advocacy-related offenses.

The *Robertson* Court expressly declined to expand the definition of "corruptly" under Section 1512(c)(2) to include *any* unlawful means, and this Court should decline the government's invitation to do so now. As Judge Katsas warned in *Fischer*, such a broad interpretation "would supercharge a range of minor advocacy, lobbying, and protest offenses into 20-year felonies," giving "section 1512(c)(2) an improbably broad reach." *United States v. Fischer*, 64 F.4th 329, 380 (D.C. Cir. 2023) (Katsas, J., dissenting).

The *Robertson* majority did, however, hold that the *mens rea* element was broader than Judge Walker's construction in his concurrence in *Fischer*. As such, this Court should adopt Judge Katsas' interpretation of Section 1512(c)(2) in *Fischer* and find that the *actus reus* must be limited to conduct involving evidence tampering. Indeed, Judge Walker stated in *Fischer* that under *Robertson*'s definition of "corruptly," he too would agree with Judge Katsas that the *actus reus* must be limited to evidence tampering to avoid an overly broad construction of the statute.

1

Finally, the *Robertson* Court's determination that "corruptly" means "wrongful" confirms that the statute is unconstitutionally vague as to Mr. Purse and that the rules of lenity and restraint support dismissing the Section 1512(c)(2) count, because no reasonable person would understand that the statute applied to Mr. Purse's alleged conduct.

Accordingly, far from supporting the government's Opposition, *Robertson* confirms that the Indictment against Mr. Purse must be dismissed.

## II.     SUMMARY OF *ROBERTSON*

In *Robertson*, the defendant "attended a rally near the Washington Monument" and then "joined a crowd that was headed to the Capitol." *Robertson*, 2023 WL 8010264, at *2. On his way, he encountered police officers and "blocked their way by standing in front of them with his stick in a 'tactical' grip that allowed offensive and defensive movement" and "used the stick to hit one officer and 'swipe[ ]' at another." *Id.* He "then entered the Capitol building at around 2:16 p.m., minutes after other members of the mob first breached the building at 2:13 p.m." *Id.* At the time he entered the Capitol building, Congress was still "meeting in both the House and Senate chambers of the Capitol to certify the vote count of the electoral college of the 2020 presidential election" and the defendant "was part of the mob that forced members of Congress to flee …." *Id.*

A jury convicted the defendant under Section 1512(c)(2), and he appealed the conviction, claiming that the evidence presented at his trial was insufficient to prove that he acted "corruptly." *Id.* at *4. The D.C. Circuit affirmed the conviction, finding that the evidence was sufficient for the jury to find that the defendant acted "corruptly." *Id.* at *5. In reaching its decision, the Court first reasoned that "the requirement that a defendant act 'corruptly' is met by establishing that the defendant acted with a corrupt purpose or via independently corrupt means." *Id.* at *7. Next, the Court noted that "[a]lthough words like 'immoral, depraved, or evil' may

2

also accurately convey what it means to be 'corrupt,' … 'wrongful' captures the 'core' meaning of 'corrupt' intent or action" and that "[i]n this context, 'wrongful' can mean '[a]n act taken in violation of a legal duty,' *i.e.*, unlawful." *Id.* at *8-9.

Thus, because the evidence supported that the defendant "committed two felony offenses to obstruct the vote certification: *i.e.*, remaining in a restricted building or grounds without lawful authority, and disorderly conduct at the Capitol, both with a deadly or dangerous weapon[,]" the *Robertson* Court found that "a jury could easily find that [the defendant] acted 'corruptly' by using *independently unlawful, felonious* means with the intent to obstruct, influence, or impede the electoral-vote certification." *Id.* at *9 (emphasis added).

### III.     ARGUMENT

#### A.     *Robertson* Declined to Reach the Question of Whether Mr. Purse's Alleged Conduct Constituted "Corrupt Means"

Although *Robertson* held that unlawful activity *can* constitute "corrupt means," the Court did not rule that unlawful activity is *always* "corrupt." To the contrary, the *Robertson* Court merely held that the evidence was sufficient in Robertson's case to establish that he acted "corruptly" because his use of force constituted an independently unlawful *felony*. *See id.* at *9 n. 6 ("We hold only that proof of independently felonious means is a *sufficient* way to establish corrupt intent or conduct."). Indeed, the Court expressly declined to decide whether non-felonious unlawful activity was sufficient to satisfy the "corruptly" element of Section 1512(c)(2). *See id.* at *10 ("Whether § 1512(c)(2) applies to defendants who obstruct Congress by means of only 'minor advocacy, lobbying, and protest offenses,' ... or by 'non-criminal tortious activity,' is beyond the scope of our 'limited' review and should be decided in a case that requires resolution of that question."); *Id.* at *12 ("[S]eeking to demonstrate that a defendant 'corruptly' obstructed a proceeding by relying on proof that the defendant's means were

misdemeanors or otherwise unlawful are not before us and should be addressed when they arise.").

Here, there are no allegations that Mr. Purse engaged in *any* independently felonious conduct—the only felony he is charged with is violating Section 1512(c)(2)—and thus *Robertson* does not support the government's contention that Mr. Purse acted "corruptly."

**B.     The Court Should Not Extend *Robertson* to Find That Misdemeanors Are Sufficient to Establish That a Defendant Acted "Corruptly"**

Because *Robertson* expressly does not apply to the facts of this case, it appears that the government is arguing that this Court should go beyond *Robertson* and find that *any* independently unlawful conduct satisfies the "corruptly" element of Section 1512(c)(2). However, the Court should decline to interpret the statute in this manner because that would result in an overly broad scope that goes far beyond the statute's legislative intent.

In ruling that independently felonious conduct constituted "corrupt" behavior, *Robertson* explained that "the 'corruptly' element in § 1512(c)(2) delineates whether a defendant's conduct is culpable." *Id.* at *5; *see also id.* at *7 ("[T]he 'corruptly' element protects non-culpable conduct — such as a corporation following a document retention policy for routine reasons, or lobbyists and protestors exercising their rights to influence a congressional committee hearing — from being swept up by the statute's broad prohibition on 'obstructing, influencing or impeding an official proceeding.'") (citations omitted). According to the *Robertson* Court, "[d]efining 'corruptly' as 'wrongfully' — and treating independently unlawful conduct as 'wrongful' — provides an *objective measure of culpable conduct* that is straightforward to apply…." *Id.* at *9 (emphasis added).

Although the Court noted that unlawful conduct might be considered "wrongful," it did not hold that *all* unlawful conduct satisfies the "corruptly" element. Instead, in determining that

4

the defendant acted "corruptly," the *Robertson* Court went out of its way to "emphasize that [the defendant's] independently wrongful conduct was felonious because *his resort to felonious means unquestionably suffices to establish his culpability*." *Id.* at *10 (emphasis added). Indeed, the Court explained that the defendant's case did not "present a close question of culpability" because he "took action to obstruct Congress by force" and "[u]sing force to obstruct, influence, or impede a congressional proceeding is plainly wrongful and therefore corrupt." *Id*.

Here, there are no allegations that Mr. Purse assaulted anyone—the government only alleges that Mr. Purse entered the Capitol building thirty-nine minutes after Congress had adjourned, that he spent a total of thirteen minutes in the building, and that while inside, he did nothing other than stand off to the side videotaping the protestors. Other than the Section 1512(c)(2) count, Mr. Purse has only been charged with minor trespass and advocacy-related misdemeanors, which do not provide the same "objective measure of culpable conduct" as the violent felonies in *Robertson*.

A finding that Mr. Purse's alleged conduct would qualify as "corrupt" merely because it was unlawful goes far beyond the statute's narrow intent and is contrary to how the statute has traditionally been applied. For example, if any unlawful activity was sufficient to satisfy the *mens rea* element of Section 1512(c)(2) then Congressman Bowman, who unlawfully pulled a fire alarm to delay a Congressional vote, would have committed a 20-year felony as opposed to the misdemeanor that he was charged with.[1] Similarly, the individuals who peacefully protested a Supreme Court nominee during his confirmation hearings would have committed a 20-year felony merely because they were protesting in the Capitol building, as opposed to a 6-month misdemeanor under 40 U.S.C. 5104(e)(2)(G) and 40 U.S.C. 5109(b). *See e.g., United States v. Barry*, 2019 WL 2396266, at *2 (D.D.C. June 5, 2019) (defendant only charged under Section

---

[1] https://www.cnn.com/2023/10/25/politics/bowman-charged-pulling-fire-alarm/index.html.

5104(e)(2)(G) for peacefully protesting confirmation hearings inside the Capitol building). Such peaceful protesting has rightfully never been charged as a felony under Section 1512(c)(2) simply because it was unlawful. Notably, the majority in *Robertson* expressed concern regarding an interpretation of Section 1512(c)(2) which sweeps up unlawful peaceful protesting activities. *See Robertson*, 2023 WL 8010264, at *10 (noting that the defendant was not a "mere protestor exercising his First Amendment right to peacefully disagree with the outcome of the presidential election" and stating that where there is "no evidence or argument that [the defendant] was merely engaged in peaceful expression, his culpability — *i.e.*, the "corruptness" of his actions — is not difficult to discern.").

Moreover, of the five judges who analyzed "corruptly" in *Robertson* and *Fischer*, three expressly rejected that the statute should be interpreted such that *any* unlawful conduct was sufficient to satisfy the *mens rea* element because that would render the statute overly broad. As explained in Mr. Purse's briefing regarding *Fischer* [ECF Nos. 45, 47], Judge Walker concluded that "'[c]orruptly' in § 1512(c) means to act 'with an intent to procure an unlawful benefit either for [oneself] or for some other person.'" *Fischer*, 64 F.4th at 357 (Walker, J., concurring). Judge Walker emphasized that his narrow interpretation was necessary because "[a]n innovatively broad definition of 'corruptly' could raise serious concerns that § 1512(c)(2) is a *vague provision with a breathtaking scope*." *Id.* at 360-61 (emphasis added). Similarly, Judge Katsas rejected the view that any "independently unlawful means" would be sufficient under Section 1512(c)(2) because such a broad reading "would cover large swaths of advocacy, lobbying, and protest" and "would supercharge a range of minor advocacy, lobbying, and protest offenses into 20-year felonies," giving "section 1512(c)(2) an improbably broad reach." *Id.* at 380 (Katsas, J., dissenting).

6

In *Robertson*, Judge Henderson agreed with Judge Walker that "'corruptly' is best read to require a defendant to act with the intent of obtaining an unlawful benefit for himself or another." *Robertson*, 2023 WL 8010264, at *25 (Henderson, J., dissenting). In reaching this determination, Judge Henderson shared Judge Katsas' concern regarding the sufficiency of any "independent unlawful means." *See id.* at *31 ("Like Judge Katsas, I doubt whether, in enacting section 1512(c)(2), the Congress intended to 'supercharge a range of minor advocacy, lobbying, and protest offenses into 20-year felonies.'"). For instance, as Judge Henderson explained, if any independently unlawful conduct could support a Section 1512(c)(2) conviction, then "an individual convicted under section 1507 could also be convicted under section 1512(c)(2) because anyone who protests outside a courthouse with the intent to influence a judge or juror necessarily intends to influence, obstruct or impede an official proceeding by unlawful means." *Id.* As a result, a crime that Congress determined was a misdemeanor punishable by less than a year in prison, could automatically be converted to a 20-year felony. *Id.*

This Court should heed the concerns of Judges Walker, Katsas, and Henderson by declining to hold that a person who uses any unlawful means in an attempt to influence Congress has violated Section 1512(c)(2). Indeed, if any unlawful conduct satisfies the statute's *mens rea* then even civil infractions would constitute unlawful activity. As such, an individual who speeds to get to a peaceful protest has committed a 20-year felony because they used unlawful means in an attempt to influence Congress. Accordingly, construing "corruptly" to encompass all unlawful activity would not provide the same objective standard of determining the requisite level of culpability under Section 1512(c)(2) as an independent felony, and the Court should not interpret the statute in such an untenable manner. Instead, the Court should find that conduct can only be considered "corrupt" by virtue of its illegality if the conduct independently constitutes a felony.

7

### C. *Robertson* Confirms the Court Should Adopt Judge Katsas' Interpretation of Section 1512(c)(2)'s *Actus Reus* Requirement

In his briefing regarding *Fischer* [ECF Nos. 45, 47], Mr. Purse explained that because *Fischer* did not reach a consensus on the *mens rea* element, there could be no binding precedent regarding the statute's *actus reus* either, since the two elements must be interpreted together.

In *Robertson*, the dissent confirmed that the two elements are intertwined.  See *Robertson*, 2023 WL 8010264, at *25 (Henderson, J., dissenting) ("Judge Walker's concurrence… adamantly (and, *in my view, correctly*) disagreed, declaring that "we *must* define [corruptly] to make sense of (c)(2)'s act element ….") (emphasis added).  Indeed, as Judge Henderson explained, the Supreme Court in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005) "implied that a narrowing construction of 'corruptly' was needed to counteract the statute's broad *actus reus*" and that "because section 1512(c)'s *actus reus* is broader than" the subsection analyzed in *Arthur Andersen*, "the need to cabin 'corruptly' is even more pressing here."  *Id.* at *29-30.

Following *Robertson*, it is clear that three of the five judges in *Fischer* and *Robertson* do not believe that the scope of the statute encompasses Mr. Purse's alleged conduct.  As explained above, Judges Walker and Judge Henderson sought to limit the extreme breadth of Section 1512(c)(2) by finding that the *mens rea* narrowly required "a defendant to act with the intent of obtaining an unlawful benefit for himself or another." *Id.* at *25 (Henderson, J., dissenting); *Fischer*, 64 F. 4th at 357 (Walker, J., concurring).

Judge Katsas, on the other hand, found that there was no way for the *mens rea* to sufficiently narrow the reach of Section 1512(c)(2) without limiting the *actus reus* to evidence tampering.  See *Fischer*, 64 F. 4th at 382 (Katsas, J., dissenting) ("[T]here is no plausible account of how section 1512(c)(2) could sweep in these defendants yet provide 'significant guardrails'

through its requirement of acting 'corruptly,' …. Rather than try to extract meaningful limits out of that broad and vague adverb, we should have acknowledged that Congress limited the *actus reus to conduct that impairs the integrity or availability of evidence*.") (emphasis added).

Notably, Judge Walker explicitly stated that if the *mens rea* were not as narrow as his interpretation, he "would join the dissenting opinion" "because giving 'corruptly' its narrow, long-established meaning resolves otherwise compelling structural arguments for affirming the district court, as well as the Defendants' vagueness concerns." *Fischer*, 64 F. 4th at 362 n. 10 (Walker, J., concurring); *see also id.* at 360-62 ("[A]n innovatively broad definition of 'corruptly' could raise serious concerns that § 1512(c)(2) is a vague provision with a breathtaking scope" but that "[r]eading 'corruptly' to require *more than a 'wrongful purpose' avoids that problem*.") (emphasis added).

The majority in *Robertson* found that "corruptly" was broader than Judge Walker and Judge Henderson's construction. *See Robertson*, 2023 WL 8010264, at *12. As such, if the *actus reus* is not limited to evidence tampering, then under *Robertson*'s definition of "corruptly" any attempt to influence Congress would constitute a 20-year felony merely because the attempt was "wrongful." This is precisely the construction of "corruptly" that Judge Walker believed would constitute "a vague provision with a breathtaking scope." *Fischer*, 64 F. 4th at 362. Thus, in light of *Robertson*'s definition of "corruptly," this Court should limit the *actus reus* in Section 1512(c)(2) to evidence tampering in order to place reasonable restrictions on the statute and ensure that it is applied in a manner consistent with its legislative intent. Indeed, Judge Walker was clear that if *Robertson*'s definition of "corruptly" were applied, he agreed with Judge Katsas that the *actus reus* must be limited to evidence tampering. Because there are no allegations that Mr. Purse took any actions with respect to evidence, the Section 1512(c)(2) charge against him should be dismissed.

### D.      *Robertson* Confirms That "Corruptly" in Section 1512(c)(2) is Insufficiently Vague and Thus the Indictment Does Not Sufficiently Inform Mr. Purse of The Charges Against Him and the Rules Of Lenity and Restraint Apply

*Robertson* also confirms that the "corruptly" element is unconstitutionally vague as applied to Mr. Purse, and that the rules of lenity and restraint apply to his case.  A statute is unconstitutionally vague when it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  *Kolender v. Lawson,* 461 U.S. 352, 357 (1983).

Under *Robertson*'s interpretation of "corruptly," the statute both fails to sufficiently inform Mr. Purse that his particular conduct was prohibited, and it encourages arbitrary enforcement.  Indeed, as explained above, *Robertson* found that "'wrongful' captures the 'core' meaning of 'corrupt' intent or action."  *Robertson*, 2023 WL 8010264, at *9.  However, this is precisely the sort of vague terminology that the D.C. Circuit Court has found to be deficient.  As explained in *Robertson*'s dissent*,* "[d]efining 'corruptly' by reference to ambiguous adjectives is also objectionable because this Court expressly rejected that definition in *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991)."  *Id*. at * 30 (Henderson, J., dissenting).

Moreover, according to Judge Henderson, even if the defendants' conduct was prohibited by Section 1512(c)(2), the rule of lenity applied because the statute was ambiguous.  *See id.* at *32.  Here, a reasonable person would not know that Mr. Purse's conduct was "corrupt" under Section 1512(c)(2) and thus the rules of lenity and restraint are even more applicable to Mr. Purse than they were in *Robertson*.  Unlike in *Robertson* where the defendant used force to enter the Capitol building and was part of the group the drove Congress from their chambers, the government does not allege that Mr. Purse used any force and only contends that Mr. Purse

10

entered the Capitol building thirty-nine minutes *after* Congress had already adjourned. Moreover, the government only alleges that Mr. Purse spent a total of thirteen minutes in the building, and that while inside, he did nothing other than stand off to the side videotaping the protestors. A reasonable person would not understand that Mr. Purse's actions in the Capitol building satisfied any conceivable definition of "corruptly" and thus the rules of lenity and restraint apply to Mr. Purse's conduct.

## IV.     CONCLUSION

For the foregoing reasons, *Robertson* confirms that the Section 1512(c)(2) charge against Mr. Purse fails as a matter of law and must be dismissed.

Dated:  November 22, 2023

Respectfully submitted,

LARSON LLP

By:  */s/ Stephen G. Larson*
Stephen G. Larson (Bar 1046780)
Hilary Potashner (Admitted *pro hac vice*)
LARSON LLP
555 S. Flower Street
30th Floor
Los Angeles, CA 90071
Tel: (213) 436-4888
Attorneys for Defendant Matthew Purse