UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  v.<br><br>MATTHEW THOMAS PURSE,<br><br>  Defendant. | Case No. 1:21-cr-00512-PLF |

**UNITED STATES' OPPOSITION TO DEFENDANT PURSE'S
SUPPLEMENTAL BRIEF RE:** ***UNITED STATES v. ROBERTSON***

The United States of America, through undersigned counsel, respectfully submits its Opposition to defendant Purse's most recent attempt to persuade this Court to dismiss Count One of the indictment, which charges obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). After the United States filed a Notice of Supplemental Authority, ECF 48, citing *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023), this Court granted Purse's request for supplemental briefing to address that decision. In his supplemental brief, Purse incorrectly disputes that *Robertson* supports denial of his motion to dismiss Count One. In fact, *Robertson* explicitly rejects the arguments Purse makes attempting to frame recent decisions in his favor and thus, its reasoning appropriately guides analysis in this case. *See also United States v. Sheppard*, 21-cr-203 (JDB), 2023 WL 7279263, (D.D.C. Nov. 3, 2023) (applying *Robertson* to a defendant convicted of the same offenses Purse is charged with, and denying bond pending appeal pursuant to factors enumerated in 18 U.S.C. § 3143 because Sheppard's conviction presented no close question on appeal). Once again, Purse takes a case where the United States prevailed, this time regarding the meaning of "corruptly" in 18 U.S.C. § 1512(c)(2), and argues that the decision

supports dismissal. For the reasons discussed below, this Court should reject Purse's strained interpretation of *Robertson* and deny his motion to dismiss.

## RELEVANT PROCEDURAL HISTORY[1]

Purse confronts charges arising from his role in the attack on the United States Capitol. On August 6, 2021, a grand jury returned a five-count indictment charging in Count One that Purse attempted to and did obstruct, influence and impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2); in Count Two that Purse knowingly entered and remained in a restricted building and grounds, in violation of 18 U.S.C. § 1751(a)(1); in Count Three that, with the intent to impede or disrupt the orderly conduct of government business or official functions, he engaged in disorderly and disruptive conduct in and within such proximity to a restricted building and grounds, in violation of 18 U.S.C. § 1752(a)(2); in Count Four that he willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D), and in Count Five that he willfully and knowingly paraded, demonstrated, and picketed in any Capitol Building. ECF 9.

As relevant here, Count One of the indictment charged:

On or about January 6, 2021, within the District of Columbia and elsewhere, **MATTHEW THOMAS PURSE,** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

---

[1] This opposition, like the United States' prior filings opposing dismissal of Count One, above does not summarize Purse's conduct on January 6, 2021 or other relevant conduct, since the prosecution's evidence is not relevant to the legal sufficiency of the language for the charge in Count One. *See, e.g.*, *United States v. Puma*, 596 F.Supp.3d 90, 96 (D.D.C. 2022). Although not necessary, should this Court prefer to have some context for the charges against Purse, a partial summary of the government's evidence has been provided in response to an unrelated motion and is available at ECF 38 at 4-7.

2

>   (**Obstruction of an Official Proceeding**, in violation of Title 18, United States Code, Sections 1512(c)(2))

*Id*. at 1.

Purse subsequently moved to dismiss all counts in the indictment. ECF 34. With respect to Count One, Purse argued that Section 1512(c)(2) only prohibited obstruction through "some action with respect to documentary evidence," ECF 34:16-22,[2] citing the Honorable Carl J. Nichols' decisions in *United States v. Miller*, 589 F.Supp.3d 60 (D.D.C. 2022) and *United States v. Fischer*, No. 21-cr-234 (CJN), 2022 WL 782413 (D.D.C. 2022). He also argued that the Joint Session of Congress to certify the results of the 2020 presidential election was not an "official proceeding" under the definition provided in 18 U.S.C. § 1515(a)(1)(B). ECF 34 at 13-16. Reaching beyond the language of the indictment, Purse argued for dismissal of Count One because of his assumption that the United States lacked sufficient evidence to prove the offense. *See* ECF 34 at 8 and 10 (incorrectly suggesting the existence of undisputed facts) and at 23-24 (arguing Purse's version of the government's evidence). Finally, his motion claimed that Section 1512's requirement that a defendant act "corruptly" was unconstitutionally vague, ECF 34 at 25-27, and that the "rule of lenity" applied to his analysis, ECF 34 at 22. The United States filed a response opposing each of Purse's arguments, ECF 35, and Purse submitted a reply. ECF 36.

While Purse's motion to dismiss the indictment was pending, the United States pursued interlocutory appeals of the rulings in *Miller* and *Fischer* and a third case, *United States v. Lang*, 21-cr-53 (CJN), another case arising from the attack on the United States Capitol where Judge Nichols dismissed the Section 1512 count. All three appeals were consolidated under *Fischer*, which reversed the district court's pretrial ruling that Section 1512 "does not apply to assaultive

---

[2] Page numbers are those assigned by CM/ECF.

conduct, committed in furtherance of an attempt to stop Congress from performing a constitutionally required duty" and found instead that Section 1512 "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *United States v. Fischer*, 64 F.4th 329, 332, 335 (D.C. Cir. 2023), *cert. pending sub nom. Lang v. United States,* No. 22-3039 (filed July 11, 2023). This Court granted Purse's first request for supplemental briefing following the opinion in *Fischer*.

Subsequent to *Fischer*'s ruling addressing Section 1512(c)(2)'s *actus reus*, the D.C. Circuit issued its opinion in *Robertson* which, in rejecting a challenge to the sufficiency of the evidence for conviction under Section 1512(c)(2), addressed that statute's *mens rea* and the meaning of the term "corruptly." *Id*. at 365 ("We start by determining the meaning of 'corruptly' and then assess whether the evidence presented at Robertson's trial was sufficient to prove that element."). As explained below, *Robertson*'s conclusions provide no support for Purse's motion to dismiss Count One, and refute arguments Purse has raised earlier or in his latest supplemental brief.

## ARGUMENT

### I.   *Robertson* Supports The United States' Reading Of *Fischer*

Purse incorrectly protests that *Robertson* does not support the government's opposition to dismissal. He errs.

In his original motion to dismiss, Purse urged this Court to follow Judge Nichols, the only district court judge interpreting Section 1512(c)(2) to require proof of obstruction through some action with respect to documentary evidence. As noted above, *Fischer* rejected that interpretation.

The panel in *Fischer* produced three opinions. In the portions of the lead opinion (Pan, J.) joined in full by the concurring judge (Walker, J.), *Fischer* relied on Section 1512(c)(2)'s text and structure as well as case law interpreting the statute, *see id.* at 335-39, to conclude that Section

1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. In a section of the lead opinion that Judge Walker did not join, Judge Pan reasoned that "[t]he requirement of 'corrupt' intent prevents [Section] 1512(c)(2) from sweeping up a great deal of conduct that has nothing to do with obstruction," but refrained from defining "the exact contours of 'corrupt' intent" because "the task of defining 'corruptly'" was not before the Court. *Id.* at 340 (opinion of Pan, J.). Judge Walker, believing that defining "corruptly" was necessary to "make sense" of [Section 1512](c)(2)'s act element," wrote a concurring opinion in which he proposed defining the term to mean to "act with an intent to procure an unlawful benefit either for oneself or for some other person." *Id.* at 352 (Walker, J., concurring) (citation omitted). The dissenting opinion (Katsas, J.) criticized the concurrence's definition of "corruptly" because it "required transplanting" into Section 1512(c)(2) an interpretation "that appears to have been used so far only in tax law," but did not endorse any other definition of the term. *Id.* at 381 (Katsas, J., dissenting). Judge Katsas' dissent was the only opinion with the view that Section 1512(c)(2)'s actus reus was limited "to conduct that impairs the integrity or availability of evidence." *Id*. at 382.

Notwithstanding a judgment referencing "the opinion of the court," Purse maintained that *Fischer* did not produce a majority opinion and thus did not provide a binding precedent. ECF 45:7 (asserting that "this Court is not bound to follow any of [*Fischer*'s] three opinions" and urging this Court to adopt Judge Katsas' dissenting position). The majority in *Robertson* has foreclosed that argument.

Rejecting an argument from the dissent that acceptance of Judge Walker's interpretation of "corruptly" was necessary to create a holding in *Fischer*, the majority in *Robertson* explained, "The only holding *Fischer* was the majority's ruling reversing the district court's erroneous

5

interpretation of a different part of the statute -- the 'otherwise obstructs' clause." *Robertson*, 86 F.4th at 375. The *Robertson* opinion continued:

> In *Fischer*, we reversed the district court's decision to dismiss the § 1512(c)(2) charges in the defendants' indictments and remanded the cases for further proceedings. 64 F.4th at 350. The district court's dismissal order was narrow: It rested solely on the conclusion that § 1512(c)(2) "requires that the defendant have taken some action with respect to a document, record, or other object." *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022). We disagreed, holding that "otherwise ... obstruct[ing], influenc[ing] or imped[ing]" an official proceeding under § 1512(c)(2) covers "all forms of corrupt obstruction of an official proceeding." *Fischer*, 64 F.4th at 336. We also determined that the certification of the Electoral College vote by Congress is an "official proceeding" under the statute. *Id.* at 342–43.

*Id*. *Robertson* thus confirms that, contrary to Purse's contention, the panel in *Fischer* issued a holding with the same precedential effect as any other from a federal court of appeals.[3] Because *Robertson* rejects Purse's argument that *Fischer* produced no holding and confirms that that under *Fischer*, Section 1512(c)(2) "covers all forms of corrupt obstruction of an official proceeding," *Robertson*, like *Fischer* itself, supports the government's opposition to the dismissal of Count One based on the scope of the statute's *actus reus*. Accordingly, this Court should reject Purse's invitation to adopt the reasoning of *Fischer*'s dissent and deny the motion to dismiss.

  **II.**   ***Robertson*'s Analysis of "Corruptly" Applies To Count One And Supports Denial Of The Motion To Dismiss**

The defendant in *Robertson* was convicted of obstruction of an official proceeding in violation of Section 1512(c)(2), four additional felonies under 18 U.S.C. §§ 1512(c)(1), 1752(a)(1) and (2), and 231(a)(3), and a misdemeanor charged under 40 U.S.C. § 5104(e)(2)(D). He challenged the language of the district court's jury instruction defining "corruptly" in Section

---

[3] In reaching its holding, *Fischer* also concluded that the rule of lenity which Purse also invokes did not apply. *Fischer*, 64 F.4th at 350 ("As we have explained, the language of § 1512(c)(2) is clear and unambiguous. Restraint and lenity have no place in our analysis.").

1512, arguing on appeal that the term signified only an act done dishonestly with a hope or expectation of either financial gain or benefit to oneself or another person. 86 F.4th at 363-64. Under this standard, Robertson maintained that the evidence against him was insufficient to support conviction under Section 1512.

The D.C. Circuit disagreed, concluding that, by construing the term corruptly "according to its plain meaning," *id*. at 364, there "are a range of ways to prove a defendant's 'corrupt' intent or action." *Id*. To reach the conclusion that sufficient evidence supported Robertson's conviction, the opinion in *Robertson* explained that it "started by determining the 'meaning' of corruptly" in order to assess whether the proof at trial was sufficient. *Id*. at 365.

*Robertson*'s conclusion "that there are a range of ways to prove a defendant's 'corrupt' intent or action" *id* at 364; *also* at 368 ("there are multiple ways to prove that a defendant acted 'corruptly'" and "corruptly need not be proved the same way in every case") resulted from its review of controlling Supreme Court and Circuit precedent. That review indicated that there are at least three general ways of proving that a defendant acted corruptly, through evidence that: 1) the defendant's action was inherently corrupt; 2) the defendant acted with a corrupt purpose; or 3) the defendant's conduct involved independently corrupt means. *Id*. at 366-69; *Sheppard*, 2023 WL 7279263 at *3. Applying the third option, the D.C. Circuit determined that one way to prove corrupt action was to show that the defendant obstructed or impeded an official proceeding by engaging in other independently unlawful conduct. *Robertson* at *368-69; *Sheppard* at *4. Noting that it need not reach the other means of proving a defendant acted corruptly, *Robertson* at 368, the D.C. Circuit concluded that Robertson's other felonies satisfied the third alternative for proof of independently corrupt means in the form of other unlawful conduct.

While *Robertson* found that other felonies established that he acted corruptly within the meaning of the statute, the opinion explicitly declined to address what other non-felonious but unlawful conduct would also meet that prong, reserving that issue for some future case. *Id*. at 371, 379 ("prosecutions seeking to demonstrate that a defendant 'corruptly' obstructed a proceeding by relying on proof that the defendant's means were misdemeanors are not before us and should be addressed when they arise").  But as explained in *Sheppard*:

> "the primary point of *Robertson* was that there are a range of ways to prove a defendant's corrupt intent or action. While Robertson held only that independent felonious conduct satisfies the corrupt intent element of § 1512(c)(2), the opinion suggests a broader construction of that element. In describing how the element could be met by "independently corrupt means," the court referred to choosing an "illegal or dubious course . . .when a lawful means was available" and employing "independently criminal means." *Robertson*, 2023 WL 6932346, at *7 (internal quotation marks omitted). The court specifically rejected the argument that commission of a felony offense is required to show corrupt intent. See id. at *17 ("In holding that felonious means are sufficient to establish 'corrupt' behavior, we do not suggest that they are always necessary to prove the 'corruptly' element."). The reasoning of *Robertson*, therefore, does not support the limited scope of independently unlawful conduct—to felonies alone—that Sheppard claims it does.

*Sheppard*, 2023 WL 7279263 at *4.  Like Purse, Sheppard was charged with violating Section 1512(c)(2) and misdemeanors.[4]  Sheppard sought release on bond pending appeal claiming that his case presented a close question on appeal because he did not obstruct Congress by "independently felonious means."  Judge Bates rejected that claim and found that under *Robertson*, as cited above, proof of felonious conduct was not required.

Even without charging Purse with another felony, the United States may seek to prove corrupt intent with proof of independently corrupt means through the defendant's choice of an 'illegal or dubious course.' *Id*. at 368. Alternatively, without charging another felony, the United

---

[4] Sheppard was also charged with an additional misdemeanor under 40 U.S.C. 5104(e)(2)(A) but was acquitted on that charge.

8

States may seek to prove the defendant's corrupt intent with evidence of a corrupt purpose or evidence of some inherently corrupt means of committing the offense. Whether the United States can meet either alternative depends on the evidence presented at trial. At this stage, however, as explained in the government's original response, a challenge to the legal sufficiency of a charge must be decided based on the language of the indictment and not forecasts or beliefs of what the United States can or cannot prove.

Insofar as Purse's earlier supplement addressing *Fischer* suggested that *Fischer* decided the meaning of corrupt intent under Section 1512 or required commission of an assault, *see* ECF 45 at 3 ("there are no allegations that Mr. Purse assaulted anyone"), and at 8 (arguing a majority in *Fischer* agreed proof of assault was sufficient to establish a corrupt act), *Robertson* establishes that neither claim is correct; accordingly, it is both relevant to the issues before this Court and supports the position of the United States that neither an assault nor a felony charge need accompany a count charging Section 1512(c)(2).

### III.    *Robertson* Also Supports Denial Of Purse's Claim That Section 1512(c)(2) Is Vague

This court has previously rejected claims that the term "corruptly" renders Section 1512(c)(2) unconstitutionally vague. *E.g.*, *United States v. GossJankowski*, 21-cr-123 (PLF), 2023 WL 130817 at *9-10 (D.D.C. Jan. 9, 2023); *United States v. Puma*, 596 F.Supp. 3d 90, 103-106 (D.D.C. 2022). Although Robertson did not preserve his challenge alleging that 'corruptly' as used in Section 1512 was unconstitutionally vague, the analysis in his appeal affirms this Court's reasoning rejecting similar vagueness challenges to the term 'corruptly.'

*Robertson* concerned the sufficiency of the evidence for the element of "corruptly" obstructing an official proceeding. An inquiry into sufficiency presupposes the existence of a legal standard. Thus, the analysis in *Robertson* began by addressing the meaning of the term

"corruptly." The simple fact that *Robertson* articulated that meaning provides reason to reject Purse's argument that the term is standardless or vague. The opinion further concluded that the term corruptly "must be construed according to its plain meaning", *id*. at 363; looked to its "ordinary" meaning, *id*. at 365; and expressed no difficulty finding either. In its review of earlier decisions, *Robertson* cited precedent finding that "corruptly" "had a natural meaning" that was "clear", *id*. at 365, (citing *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005)); and characterized its application of 'corruptly' to unlawful conduct in terms that similarly refute an allegation of vagueness. *See id*. at 369 ("Defining corruptly as "wrongfully" --- and treating independently unlawful conduct as wrongful --- provides an objective measure of culpable conduct that is straightforward to apply: A court or jury can easily determine whether the evidence shows that a defendant took unlawful action to obstruct, impede or influence the proceeding") (internal citation omitted). Accordingly, *Robertson* has relevance here because its ability to articulate meaning for "corruptly," and its description of a meaning that is "plain" "natural" "ordinary" and "straightforward" is wholly inconsistent with the claim that this element of Section 1512 is unconstitutionally vague. For these additional reasons, *Robertson* is relevant and supports the government's position that Purse's vagueness challenge should also be rejected.

### IV. Purse's Objection To Robertson's Holding Does Not Provide A Basis For Dismissal

Purse argues that he has only been charged with "advocacy-related" misdemeanors, ECF 50 at 2, 6, and contends that where *Robertson* treats independently unlawful conduct as wrongful and therefore corrupt, the decision risks placing minor advocacy, lobbying and protest offenses within the scope of Section 1512. ECF 50 at 5-6. His argument overlooks the distinction *Robertson* makes for January 6 offenses, namely, that "concerns about constraining lobbying and advocacy are not implicated in January 6 cases because the electoral-vote certification by Congress is not a

policymaking exercise open to 'political jousting' …. Instead, it is a constitutionally scripted transition of presidential power, with an outcome determined by the results of a presidential election." *Robertson* at 373-74. Whatever concerns may exist for *Robertson*'s impact on lobbying or advocacy before the legislature, they do not apply to Purse, because as *Robertson* instructs, lobbying and advocacy are not part of the procedure he sought to obstruct, influence, or oppose. And, in any event, without a developed evidentiary record, this Court has no grounds to conclude that Purse's actions involved lobbying, advocacy, or, as he appears to claim, peaceful protest. Purse's objection is one that ultimately depends on the nature of the evidence against him rather than a flaw in the language of Count One or the statute it charges. The ruling in *Sheppard* provides a case in point, where, based on facts developed at trial, Judge Bates easily concluded that Sheppard was not a peaceful protester and his unlawful conduct was more similar to Robertson's than not, making his conviction under Section 1512 likely to survive an appeal even though only misdemeanor offenses accompanied that charge.

As the United States explained in its original response, ECF at 4-7, claims about the factual sufficiency of the government's case are not an appropriate basis for pretrial dismissal. Here, the indictment charges that Purse acted corruptly which is all that it must do regarding that element of the offense.

Purse's complaint that the scope of the term "corruptly" under *Robertson* may implicate peaceful protesters under Section 1512 is not a basis for dismissal. His motion to dismiss has not raised a First Amendment challenge. Even if it did, such a challenge must also wait until an appropriate evidentiary record is developed at trial. *See United States v. Kokinda*, 497 U.S. 720, 724-25 (1990). In *Kokinda*, two defendants were prosecuted for violating a United States Postal Service regulation that prohibited soliciting contributions outside of a post office. *Id.* at 723. They

advanced a First Amendment claim, namely, that the regulation was an impermissible restriction in a public forum—the sidewalk outside the post office. *Id.* at 724. But they pressed that claim *after trial* in which the presentation of evidence established precisely the defendants' conduct, where it took place, and relevant facts about the sidewalk outside the post office. *Id.* at 724-25. Because, by contrast, Purse argues now that Section 1512 may, under *Robertson*, potentially apply to peaceful protest, this Court should "go no further." *Cornelius v. NAACP Legal Defense and Education Fund, Inc.*, 473 U.S. 788, 797 (1985); *United States v. Baez,* No. 21-cr-0507 (PLF), 2023 WL 3846169 at *6 (D.D.C. June 2, 2023) ("Although the Statement of Facts accompanying the criminal complaint and the government's responsive brief to Ms. Baez's motion contain background information about the facts of this case, the Court may not consider such allegations when deciding a motion to dismiss") (the court could only consider the defendant's as-applied First Amendment challenge to certain statutes during or at the conclusion of trial).

## CONCLUSION

This Court should consider the D.C. Circuit's decision in *Robertson*. For the reasons explained above, *Robertson* rejects arguments Purse has previously made to advance his motion to dismiss concerning the validity and scope of Section 1512. Its analysis supports rulings from this Court in other cases which determined that the element of "corruptly" obstructing a proceeding is not unconstitutionally vague. It is relevant to issues before this Court, and supports denial of his motion to dismiss Count One. For these reasons and for the reasons provided in the government's original opposition and its supplement following *Fischer*, this Court should deny the motion to dismiss.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

D.C. Bar No. 481052

*/s/ Karen Rochlin*
KAREN ROCHLIN
DC Bar No. 394447
Assistant U. S. Attorney Detailee
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, Florida  33132
(786) 972-9045
Karen.Rochlin@usdoj.gov