## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-00512-PLF** |
| | **:** | |
| **MATTHEW THOMAS PURSE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S RESPONSE TO ORDER
## <u>ISSUED ON DECEMBER 22, 2023</u>

The United States of America respectfully responds to this Court's December 22, 2023, Minute Order concerning relief that Defendant Matthew Thomas Purse requested for the first time in a supplemental reply brief, ECF 52.  Specifically, the Court has directed the United States to address Purse's request to set oral argument on his pending motion to dismiss the indictment only after the United States Supreme Court decides *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted,*  --- S.Ct. ---, 23 WL 8605748 (Dec. 13, 2023). In *Fischer,* the Court will consider the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is only one of five crimes charged against Purse.  Any decision in *Fischer* will have no bearing on the rest of the charges against Purse.  While the United States has no objection to a hearing for the parties to argue their respective positions on the motion to dismiss if that would assist this Court, the United States does object to the substantial delay of any such hearing until a decision issues in *Fischer*.   Such a development does not merit what amounts to a stay of the proceedings in this case.[1]

---

[1] Purse has not characterized the relief he seeks; however, the single-sentence request in his reply is properly considered as an application to stay proceedings in the instant case. No trial date has been set in this case, and this Court has not set a hearing to address Purse's motion to dismiss. Thus, there is no scheduled date for this Court to continue. It is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. *See*

I.    **Background and Procedural History**

A grand jury indicted Purse on August 6, 2021 for his conduct during the January 6, 2021 attack on the United States Capitol.  ECF 9.  A summary of that conduct appears in the United States' response in opposition, ECF 38, to Purse's earlier motion to modify bond conditions.

As a result of his conduct, a grand jury charged that Purse attempted to and did obstruct, influence and impede an official proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and (2); entered and remained in a restricted building and grounds, in violation of 18 U.S.C. § 1752(a)(1); engaged in disorderly and disruptive conduct in and within such proximity to a restricted building and grounds, in violation of 18 U.S.C. § 1752(a)(2); engaged in disorderly and disruptive conduct within the United States Capitol Grounds and any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D); and paraded, demonstrated, and picketed in any Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).

Purse moved to dismiss all counts in the indictment.  ECF 34.  He challenged the legal sufficiency of every offense charged, the constitutionality of certain statutes charged, and, prematurely, the ability of the United States to provide sufficient evidence to convict.  With respect to Count One, charging the violation of 18 U.S.C. §§ 1512(c)(2) and (2), Purse sought to have this Court adopt the ruling in *United States v. Miller*, 589 F.Supp.3d 60 (D.D.C. 2022), where the Honorable Carl J. Nichols ruled that to violate Section 1512(c)(2), a defendant "must take some action with respect to a document, record, or some other object in order to corruptly obstruct,

_____

https://www.uscourts.gov/about-federal-courts/educational-resources/about-educational-outreach/activity-resources/supreme-1# ("All opinions of the Court are, typically, handed down by the last day of the Court's term (the day in late June/early July when the Court recesses for the summer).") (last accessed January 14, 2023).  Accordingly, the stoppage of all proceedings pending resolution of the motion to dismiss for six months while an appeal is pending is not a continuance; it is a stay of the proceedings pending the appeal.

impede or influence an official proceeding." *Id*. at 78.  Purse also contended that the statute's requirement that a defendant act corruptly was unconstitutionally vague, and he disputed that Congress' certification of the Electoral College vote was an official proceeding. The caption for this motion included a request for oral argument.  ECF 34 at 1.[2]

The United States pursued interlocutory appeals of the decisions in *Miller* and two cases where Judge Nichols applied the same interpretation of Section 1512, *United States v. Fischer*, No. 21-cr-234 (CJN), 2022 WL 782413 at *4 (D.D.C. Mar. 15, 2022), and *United States v. Lang*, No. 21-cr-53 (CJN) (D.D.C. June 7, 2022) (June 7, 2022 Minute Order dismissing Section 1512 count without prejudice). The cases were consolidated on appeal.  *Fischer,* 64 F.4th. at 334.

In *Fischer,* the D.C. Circuit rejected Judge Nichols' interpretation of Section 1512's *actus reus*.  64 F. 4th at 332. Purse moved to file a supplemental brief addressing *Fischer*, and this Court granted the request, setting a responsive briefing schedule. Purse's supplemental brief once again included a caption noting that oral argument was requested.  ECF 45 at 1.  The United States filed an opposing supplemental brief, ECF 46, and Purse filed a reply, ECF 47.

Subsequently, the D.C. Circuit decided *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023) and addressed the meaning of the term "corruptly" in the context of Section 1512(c)(2). This Court again granted Purse's request for supplemental briefing to address *Robertson* and set a responsive briefing schedule.  November 8, 2023 Minute Order.  Purse filed a supplement with a caption again requesting oral argument, and the United States filed an opposition to the contentions in his supplement.  Purse then filed his reply on December 13, 2023, ECF 52, the same day that the Supreme Court issued its order granting the petition for *certiorari* in *Fischer*.  In his reply,

---

[2] All references in this response to page numbers from filings in the instant case are to numbers assigned by the CM/ECF docketing system.

Purse stated for the first time that he "requests that the Court set oral argument on his Motion to Dismiss after the Supreme Court rules [in *Fischer*]. ECF 52 at 1. The United States opposes his request for delay.

**II.   <u>Applicable Legal Standards</u>**

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

Other courts in this district have declined to halt proceedings connected to the January 6, 2021, riot at the United States Capitol based on the Supreme Court's decision to hear *Fischer*. *See, e.g., United States v. Carnell, et al.*, 23-cr-139 (BAH) (ECF 75, denying stay based on *Fischer* where defendant was charged with five misdemeanors in addition to Section 1512(c)(2) because offense conduct occurred more than three years ago, no trials were stayed when *Fischer* was pending before the D.C. Circuit, defendants did not show a likelihood of success on the merits under *Fischer,* defendants did not show they would suffer irreparable injury, they faced other charges, and a stay would undermine the public interest in a timely adjudication); *United States v.*

*Bennett et al*, 1:21-cr-00312 (JEB) (December 28, 2023 Minute Order) (declining a stay of trial based on *Fischer* due to the time the case had been pending, the numerous other counts beyond Section 1512 the defendant faced, and the fact that the defendant would not be sentenced (if at all) until after the Supreme Court decides *Fischer*); *United States v. Marroquin*, No. 21-cr-338 (JEB) (December 27, 2023 Minute Order denying stay because defendant faced numerous additional counts (five misdemeanors) and would not be sentenced if at all before a decision in *Fischer*); *United States v. Dunfee*, 1:23-cr-00036 (RBW) (ECF 59, denying oral motion to stay based on *Fischer*, on the understanding not staying was consistent with other criminal matters proceeding to trial during appellate review and the public interest in a speedy trial); *United States v. Pope*, 21-cr-128 (RC) (January 10, 2024 Minute Order) (ruling in *Fischer* did not merit motion to stay where defendant confronted numerous other counts, his case had been pending for nearly three years, delay would undermine the public interest in prompt adjudication of the charges, and the defendant would not face irreparable harm when sentencing would not occur until after a ruling in *Fischer*); *United States v. Nichols, et al*., No. 21-cr-117 (RCL) (December 21, 2023 Minute Order). Judge Walton recently weighed in on these very issues after the Defendant moved orally to stay or continue trial based on the Supreme Court's grant of *certiorari* in *Fischer*.  *See generally United States v. Dunfee*, Case No. 23-cr-0036 (RBW), Dec. 14, 2023 Hr'g Tr.[3]  After argument by the parties, Judge Walton held as follows:

---

[3] In *United States v. Lang*, Case No. 21-cr-53 (CJN), the defendant, who was a party to the consolidated appeal in *Fischer*, pursued a *certiorari* petition to the Supreme Court on his 18 U.S.C. § 1512(c)(2) charge, which remains pending.  The D.C. Circuit has stayed issuance of the mandate in *Fischer*, depriving the district court of jurisdiction over Lang's trial (at least over the Section 1512 count) while the appeal remains pending.  Lang's *certiorari* petition will likely remain pending until there is a ruling in *Fischer* from Supreme Court. Therefore, Judge Nichols cannot proceed with trial on the Section 1512 charge at this time. Moreover, Lang was willing to remain detained rather than incur the cost of a potential second trial. For these reasons, the court agreed to set the trial date for September 9, 2024. Judge Nichols stated, however, that the *Lang* decision

I don't know, again, what my colleagues are doing in reference to requests of this nature, if requests of this nature are being made in cases involving this same statute that the Supreme Court has decided to review. But I do think that, you know, justice delayed is justice denied. Yes, it is used to a large degree in the context of a defendant having a right to have their cases resolved. But the Supreme Court has specifically said that the people, the government, have a right to expeditious resolution of matters also.

And we are approaching almost three years since these events took place. And I think there is an interest on the part of the people and the government to have these matters resolved as expeditiously as possible. And if we were only talking about the statute at issue that was going to implicate this case, then I think I may have a different position. But since there are other statutes that also he is charged with having violated, even if the Supreme Court does reverse *Fischer*, that would not have an impact on the other offenses, if he were convicted after a trial in this case.

*Id.* at Hr'g Tr. 43-46.  The same reasoning applies here.

## III.   **Argument**

By seeking to delay argument on his motion to dismiss, Purse would effectively prevent this case from moving forward and reaching disposition.  Whether viewed as a motion to stay or a motion for a lengthy continuance, his request to delay argument, and thus, any subsequent trial, should be denied because the relevant factors weigh against it. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Purse is likely to succeed on the merits of any challenge to a Section 1512(c)(2) conviction. At this time, two panels of the D.C. Circuit and every district court judge but one have agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. […] The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."); *Carnell*, 23-cr-139 (BAH) (ECF 75 at 3,

---

was based on the facts of that particular case and that his ruling did not mean he would necessarily delay proceedings in other cases.  This court is not subject to the jurisdictional bar that applies in *Lang*.

quoting same). Indeed, during the pendency of this case, the interpretation of § 1512(c)(2) has been on appeal to the D.C. Circuit in *Fischer* and *Robertson*. Those appeals have not stopped this case or any other involving 18 U.S.C. § 1512(c)(2) from proceeding as usual. Purse cannot show any compelling reason to change course now.

The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). As Judge Howell observed, given "the fractured nature of three views expressed in that decision, the reason for further appellate review may be merely to clarify rather than to reject the majority holding." *Carnell*, 23-cr-139 (BAH) (ECF 75 at 4). Moreover, prior practice supports denial of the defendant's motion: for example, although the Supreme Court granted *certiorari* in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the District Court did not stay 18 U.S.C. § 922(g) cases; instead, District Court judges moved forward with pleas, trials, and sentencings for charges brought under that statute.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses for which the defendant has been charged, and approximately three years since Purse's arrest on July 9, 2021. Delaying a trial for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance. Here, Purse seeks to delay any ruling on a Rule 12(b)(3) motion to dismiss that must be made before trial. *Id.* Postponing a ruling on that motion delays commencement of trial. *See United States v. Munchel*, No. 21-cr-118 (RCL), 2023 WL 2992689 at *1 (D.D.C. Apr. 18, 2023) (observation that before the defendants' "stipulated trial can commence, the Court must resolve several pending motions

to dismiss the indictment"). Here, if granted, the delay Purse's request will cause is substantial. *See United States v. Raymond*, 21-cr-380 (CKK), 2023 WL 6317850 at *1 (D.D.C. Sept. 28, 2023) ("The Court stresses that a five-month continuance is substantial").

A lengthy delay of a hearing, and thus trial, for the defendant would afford him an unfair advantage not granted to the approximately one hundred and fifty people who have been convicted of violating Section 1512 in connection with the events of January 6. Many of those individuals have been sentenced and are now serving terms of incarceration as a result of their convictions. This defendant should not, based on the timing of his trial relative to the Supreme Court's grant of *certiorari*, receive any benefit not afforded to the many other people who have been tried, convicted, and—in many cases—incarcerated for violations of this statute.

Similar to *Dunfee*, the defendant here will not suffer any irreparable injury without a stay of any argument (or a ruling) on his motion to dismiss.   As several judges have recently recognized, a defendant is not "irreparably harmed without a stay" simply "because 'he will be forced to go to trial' before his appeal on violations of his constitutional rights is heard." *Carnell,* 23-cr-139 (BAH) (ECF 75 at 5);  *United States v. González-Valencia*, No. 16-65-1 (BAH), 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022); *Pope*, 21-cr-128 (RC) (January 10, 2024 Minute Order); *Marroquin*, No. 21-cr-338 (JEB)  (December 27, 2023 Minute Order). And, even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate any application of Section 1512(c)(2) to the defendant.  As noted in another decision arising from the events of January 6, 2021, with respect to the grant of *certiorari* in *Fischer*:

> the charge of obstructing Congress's electoral vote count and Brock's proven conduct seem, on my initial view, to satisfy both the court's and the dissenting opinion's reading of the statute. That is because the congressional proceeding that Brock was convicted of obstructing was the counting of electoral college votes that

is statutorily required for Congress to certify the election of the President of the United States. Central to that process is the receipt, processing, and verification of evidence—the States' certificates of the votes cast for President by their respective electors.

. . .

Brock's participation in the riot on January 6th, 2021, "caused Congress to adjourn" that statutorily mandated process of receiving, verifying, and counting the certificates of electoral votes. *See* Tr. Bench Trial at 392:18, *Brock v. United States*, No. 21-cr-140 (D.D.C. Dec. 6, 2022), Dkt. 81. Indeed, Brock appeared "on the floor of the Senate where the proceedings [w]ould have been occurring" if Brock and the others who invaded the Capitol had not forced lawmakers and staff to halt the electoral vote count and flee for safety. *Id.* at 393:5–7. In so doing, Brock's conduct necessarily obstructed the handling, submission, processing, and congressional consideration of the evidence of each State's electoral votes. It did so just as much as if Brock had grabbed a pile of state certificates and run away with them. *Cf.* 18 U.S.C. § 1512(c)(1) (prohibiting efforts to "conceal[ ] a record, document or other object" to prevent "its availability for use in an official proceeding[ ]"). In that way, Brock's actions "impair[ed] the * * * availability" of the physical evidence of electoral votes "for use in an official [congressional] proceeding[,]" 18 U.S.C. § 1512(c)(1), and temporarily blocked the exercise of Congress's "truth-finding function" in certifying and counting electoral votes, *cf. Fischer*, 64 F.4th at 370 (Katsas, J., dissenting) (quoting Barr Memorandum at 1). Given that, even the *Fischer* dissenting opinion's narrow reading of Section 1512(c)(2)'s "otherwise" clause would seem to reach Brock's efforts to prevent Congress from receiving, processing, and considering the evidence of each State's electoral votes.

*United States v. Brock,* No. 23-3045, 2023 WL 3671002 at *2-3 (D.C. Cir. May 25, 2023) (*per curiam*) (Millett, J., concurring).  An adverse ruling in *Fischer* from the Supreme Court does not automatically guarantee that the United States will be unable to secure a conviction under Section 1512 in this case. And even if it did, the appropriate venue for challenging such a conviction would be a motion to set aside the verdict or a post-conviction appeal.  In this respect, Purse "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

In contrast, with a stay, the government would "face[ ] irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial." *González-Valencia,* 2022 WL 3978185 at *7. As the Supreme Court has recognized, and the D.C. Circuit emphasized, "in criminal cases" the "'encouragement of delay is fatal to the vindication of the criminal law.'" *Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) (quoting *United States v. MacDonald*, 435 U.S. 850, 852 (1978)). As Judge Walton recently noted, "the people, the government, have a right to expeditious resolution of matters also. And we are approaching almost three years since these events took place. And I think there is an interest on the part of the people and the government to have these matters resolved as expeditiously as possible."  *United States v. Dunfee*, Case No. 23-cr-0036 (RBW), Dec. 14, 2023 Hr'g Tr. at 43.  Both the government and American citizens have an interest in speedy trials.  *González-Valencia*, 2022 WL 3978185, at *7 (the "[p]ublic interest . . . favors speedy trials"); *Pope*, 21-cr-128 (RC) (January 10, 2023 Minute Order) ("Delaying Michael Pope's trial for another six months would undermine the interests of the public in the timely adjudication of the charges Defendant faces").  Justice delayed is justice denied.

Moreover, Purse is charged with and will be tried for more offenses than solely obstruction of Congress. He has also been charged with violations of 18 U.S.C. § 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G). Even if the Supreme Court were to rule adversely to the government with respect to Section 1512(c)(2)'s application in this case, Purse would still need to be tried for four other charges. If convicted, he will retain the right to move for bail pending appeal.

And, if the Court permits the defendant to self-report following sentencing, *Fischer* would likely be decided by that time.[4]

For all these reasons, and regardless of the implications of *Fischer*, the public and the government have a right to a prompt resolution of this case with respect to the charges in the Indictment. That resolution will not occur until disposition of Purse's motion to dismiss. Accordingly, this Court should not delay its determination of the motion to dismiss, which has been extensively briefed and pending since March, 2022, and which will not be affected by any ruling in *Fischer* for four of the five challenged counts. Moreover, while this Court can certainly determine the usefulness of oral argument now, the need, if any, for argument based on an opinion that has yet to be decided can amount to nothing more than speculation. This Court should deny Purse's request for delay, schedule argument if needed, rule on his motion, and allow this case to proceed.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Karen Rochlin*
KAREN ROCHLIN
Assistant United States Attorney
Detailed to the U.S. Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
karen.rochlin@usdoj.gov
(786) 972-9045

---

[4] Because Purse has prior criminal convictions, he is likely to have greater sentencing exposure than many, if not most, misdemeanor defendants in January 6 cases, making it unlikely that any term of incarceration if imposed would end before a ruling in *Fischer*.