# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-cr-512 (PLF) |
| | : |
| MATTHEW THOMAS PURSE, | : |
| | : |
| Defendant. | : |

## JOINT STATUS REPORT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and counsel for Matthew Thomas Purse ("the defendant"), hereby submit the following Joint Status Report:

1. On August 6, 2021, the government obtained an indictment, ECF 9, charging the defendant with violations of 18 U.S.C. §§ 1512(c)(2) and 2, 1752(a)(1) and (a)(2), and 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(G).

2. On March 31, 2022, the defendant moved to dismiss all charges in the indictment. ECF 34. The portion of the motion seeking dismissal of Count One raised arguments that were ultimately addressed recently in *Fischer v. United States*, No. 23-5572, 603 U.S. ---, 2024 WL 3208034 (June 28, 2024). In *Fischer*, the Court ruled that to prove a violation of 18 U.S.C. § 1512(c)(2), "the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or … other things used in the proceeding, or attempted to do so." 2024 WL 3208034 at *10 (remanding the case to the D.C. Circuit for an assessment of *Fischer* in light of the Court's decision).

3. On June 28, 2024, *Fischer* was remanded to the D.C. Circuit with instructions that the Supreme Court's "judgment or mandate will not issue for at least thirty-two days pursuant to Rule 45."[1] For cases arising from the events at the Capitol on January 6, 2021, the United States will be carefully evaluating its approach to the *Fischer* decision to ensure a position that is consistent for the facts and posture of cases where Section 1512(c)(2) has been charged. Through further proceedings before the D.C. Circuit, the United States expects that the Court of Appeals will interpret Section 1512(c)(2) in light of the Supreme Court's decision.

4. The parties have conferred regarding the status of the *Fischer* opinion and this Court's minute orders of January 18, 2024 and July 3, 2024. In light of the recency of the *Fischer* decision and its ongoing litigation, and in light of the United States' view of the complexity of issues *Fischer* has left unresolved, the parties believe it is in their respective interests to set this case for a status conference 60 days from the filing of this report.

5. The parties further submit that it is in the interest of justice to toll the Speedy Trial Act and request a tolling of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A), based on the factors described in 18 U.S.C. 3161(h)(7)(B)(i), (ii) and (iv), as well as or alternatively pursuant to 18 U.S.C. § 3161(h)(1)(D). Therefore, the parties request an exclusion of time under the Speedy Trial Act from March 31, 2022, through the next scheduled status conference date.

---

[1] On June 2, 2024, the Supreme Court separately remanded, with a similar instruction, the cases of two January 6 defendants whose cases had been consolidated before the D.C. Circuit with the appeal filed in *Fischer*.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:

/s/*Karen Rochlin*
Karen Rochlin, AUSA
DC Bar No. 394447
Capitol Riot Detailee
99 N.E. 4th Street
Miami, Florida 33132
karen.rochlin@usdoj.gov
(786) 972-9045

/s/*Hilary Potashner, Esq.*
Stephen G. Larson, Esq.
Hilary Potashner, Esq.
555 South Flower Street, 30th Floor
Los Angeles, California 90071
(213) 205-2750
slarson@larsonllp.com
hpotashner@larsonllp.com