UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MATTHEW THOMAS PURSE, )<br>)<br>Defendant. )<br>) | Criminal No. 21-0512 (PLF) |

OPINION AND ORDER

This matter is before the Court on defendant Matthew Thomas Purse's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. See Matthew Purse's Motion to Dismiss the Indictment [Dkt. No. 34]. At the time the motion was filed, Mr. Purse sought dismissal of the original indictment, which charged Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). See Indictment [Dkt. No. 9]. Following the Supreme Court's decision in Fischer v. United States, 603 U.S. 480 (2024), the government filed a superseding information, which excluded the single felony count for Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. See Superseding Information [Dkt. No. 55].

After Mr. Purse's motion was fully briefed, the D.C. Circuit issued its decision in United States v. Griffin, 119 F.4th 1001 (D.C. Cir. 2024). Given the relevance of Griffin to several of the issues raised in Mr. Purse's motion, the parties were given an opportunity to file supplemental briefs. See Minute Order of Oct. 16, 2024. In light of the arguments raised by the parties' and the D.C. Circuit's analysis in Griffin, Mr. Purse's motion is denied.[1]

## I. LEGAL STANDARD

A defendant in a criminal case may move to dismiss an indictment or information before trial for "failure to state an offense." FED. R. CRIM. P. 12(b)(3)(B)(v). In determining whether a charging document fails to state an offense, the operative question is "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011) (citing United States v. Sampson, 371 U.S. 75, 76 (1962)). A court must accept the allegations in the information as true. See United States v. Ballestas, 795 F.3d 138, 149 (D.C. Cir. 2015). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to

---

[1] The papers reviewed by the Court in connection with this matter include: Matthew Purse's Motion to Dismiss the Indictment ("Mem.") [Dkt. No. 34]; United States' Response in Opposition to Defendant Purse's Motion to Dismiss the Indictment ("Opp.") [Dkt. No. 35]; Matthew Purse's Reply in Support of Motion to Dismiss the Indictment ("Reply") [Dkt. No. 36]; Matthew Purse's Supplemental Brief in Support of Motion to Dismiss the Indictment [Dkt. No. 45]; United States' Supplemental Opposition to Defendant Purse's Supplemental Brief in Support of Motion to Dismiss the Indictment [Dkt. No. 46]; Matthew Purse's Supplemental Reply Brief in Support of Motion to Dismiss the Indictment [Dkt. No. 47]; Matthew Purse's Supplemental Brief Re: United States v. Robertson in Support of Motion to Dismiss the Indictment ("Sec. 1512(c) Mem.") [Dkt. No. 50]; United States' Opposition to Defendant Purse's Supplemental Brief Re: United States v. Robertson ("Sec. 1512(c) Opp.") [Dkt. No. 51]; Matthew Purse's Supplemental Reply Brief Re: United States v. Robertson in Support of Motion to Dismiss the Indictment ("Sec. 1512(c) Reply") [Dkt. No. 52]; Superseding Information [Dkt. No. 55]; and United States' Supplemental Memorandum in Opposition to Defendant Purse's Motion to Dismiss ("Gov't Supp. Mem.") [Dkt. No. 61].

reviewing the face of the [charging document] and, more specifically, the language used to charge the crimes." United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). The Court's analysis of Mr. Purse's motion to dismiss thus "must be limited to 'the four corners of the [charging document].'" United States v. Montgomery, 578 F. Supp. 3d 54, 59 n.1 (D.D.C. 2021) (quoting United States v. Safavian, 429 F. Supp. 2d 156, 161 n.2 (D.D.C. 2006)); accord United States v. Warnagiris, 699 F. Supp. 3d 31, 39 (D.D.C. 2023).

Because "[a]n '[information]'s main purpose is to inform the defendant of the nature of the accusation against him,'" an information that fails to do so because it is not specific enough is insufficient. United States v. Ballestas, 795 F.3d at 148-49 (quoting United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001)). A charging document "is sufficiently specific where it [] contains the elements of the offense charged and fairly informs the defendant of those charges so that he may defend against them, and [] enables him 'to plead [an] acquittal or conviction in bar of future prosecutions for the same offense.'" United States v. Safavian, 429 F. Supp. 2d at 158 (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). Ordinarily, an information need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1); see United States v. Apodaca, 275 F. Supp. 3d 123, 153 (D.D.C. 2017) ("In most cases, detailed allegations 'surely are not contemplated by Rule 7(c)(1).'") (quoting United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007)).

## II. DISCUSSION

The Court notes at the onset that a significant portion of Mr. Purse's motion has been mooted by the fact that he is no longer charged with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. See Superseding

Information.[2] The surviving arguments – all related to the four misdemeanor counts – fall into two general categories. First, he argues that the government has insufficiently alleged violations of 18 U.S.C. § 1752(a). See Mem. at 22-25. Second, he argues that the government has failed to proffer sufficient factual matter that could support a finding that he violated 18 U.S.C. § 1752 and 40 U.S.C. § 5104. See id. at 26-27. The Court addresses each argument in turn.

### A. *18 U.S.C. § 1752*

Mr. Purse moves to dismiss Counts One and Two of the Superseding Information, which charge violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2). That statute in relevant part provides:

> (a) Whoever –
>
>> (1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so;
>>
>> (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; . . .
>
> or attempts or conspires to do so, shall be punished as provided in subsection (b) . . . .
>
> (c) In this section –
>
>> (1) the term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area –

---

[2] Following the D.C. Circuit's decision in United States v. Robertson, 103 F.4th 1 (D.C. Cir. 2023), the Court ordered the parties to provide supplemental briefing on the impact of Robertson on the Section 1512(c) counts. See Minute Order of Nov. 8, 2023. While Mr. Purse's supplemental memorandum was filed as a "supplemental motion," the Court does not treat it as such.

4

>> (A) of the White House or its grounds, or the Vice President's official residence or its grounds;
>
> (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or
>
> (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance.

18 U.S.C. §§ 1752(a), (c).

> Count One of the Superseding Information charges:
>
> On or about January 6, 2021, in the District of Columbia, MATTHEW THOMAS PURSE did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so.

Superseding Information. And Count Two charges:

> On or about January 6, 2021, in the District of Columbia, MATTHEW THOMAS PURSE did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

Id. Mr. Purse makes four arguments as to why these counts must be dismissed.

Mr. Purse's first argument is that the government has not sufficiently alleged that the Capitol was a "restricted building or grounds" within the meaning of Section 1752(a). See Mem. at 23. The primary basis for this argument is that the government has failed to allege that the Capitol was made a "restricted area" by the Secret Service or "a Federal Law enforcement agency acting in coordination with the Secret Service . . . ." Id. (emphasis in original). While

5

the D.C. Circuit did not directly address this issue in Griffin, see United States v. Griffin, 119 F.4th at 1006 n.1, numerous judges in this District – including the undersigned – have rejected this argument. As this Court stated in Puma:

> The text of Section 1752 "is not complex," United States v. Griffin, 549 F. Supp. 3d 49[, 54 (D.D.C. 2021)], and it "plainly does not require that the Secret Service be the entity to restrict or cordon off a particular area," United States v. Mostofsky, 579 F. Supp. 3d [9, 28 (D.D.C. 2021)]. "[S]omeone can violate the statute by knowingly 'entering without lawful authority to do so in any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting." United States v. Griffin, 549 F. Supp. 3d [at 54] (quoting Wilson v. DNC Servs. Corp., 417 F. Supp. 3d 86, 98 (D.D.C. 2019)). The plain language of the statute imposes no limitation whatsoever on which authority restricts the building or grounds. United States v. Bozell, 2022 WL 474144, at *8. Indeed, "[t]he statute focuses on perpetrators who knowingly enter a restricted area around a protectee, not on how it is restricted or who does the restricting." United States v. Griffin, 549 F. Supp. 3d [at 54.] "[T]he only reference in the statute to the Secret Service is to its protectees. Section 1752 says nothing about who must do the restricting." Id. at [55]. Congress chose to delineate the outer boundary of this statute not by who does the restricting but to who is being protected. "Congress's failure to specify how an area becomes 'restricted' just means that the statute does not require any particular method for restricting a building or grounds." United States v. McHugh, 583 F. Supp. 3d [1, 30-31 (D.D.C. 2022)].

United States v. Puma, 596 F. Supp. 3d 90, 109 (D.D.C. 2022); see United States v. Warnagiris, Crim. No. 21-0382 (PLF), 2023 WL 6973213, at *3 (D.D.C. Oct. 23, 2023) (collecting cases). Because Mr. Purse does not provide any reason to depart from this analysis, the Court rejects his first argument.

Mr. Purse's second argument concerns the government's failure to "allege[] sufficient facts" related to his knowledge or mens rea for purposes of establishing a violation of Section 1752(a). See Mem. at 23 (capitalization omitted). This argument fails at the start by misunderstanding the inquiry on a motion to dismiss. The evidence that the government plans to

6

introduce at trial to establish Mr. Purse's knowledge "is irrelevant to the Court's analysis of the sufficiency of the [information]." United States v. Warnagiris, 699 F. Supp. 3d at 40; see United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 154 (D.D.C. 2015). The sufficiency of the government's evidence is an issue for trial, not for a motion to dismiss. See United States v. Kelley, Crim. No. 22-0408 (CKK), 2024 WL 4512395, at *4 (D.D.C. Oct. 17, 2024). To the extent Mr. Purse is challenging the government's failure to allege "the essential facts constituting the offense charged," FED. R. CRIM. P. 7(c)(1), this argument is rejected. Counts One and Two of the Superseding Information specify "the time and place of the offense," United States v. Williamson, 903 F.3d 124, 130 (D.C. Cir. 2018) – "January 6, 2021, within the District of Columbia and elsewhere" – and provide information on the conduct at issue – "enter[ing]," "remain[ing]," and "engag[ing] in disorderly and disruptive conduct" in the Capitol. See Superseding Information. This information "fairly informs [Mr. Purse] of the charge against which he must defend" and enables him to "plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. at 117; accord United States v. Warnagiris, 699 F. Supp. 3d at 41. Counts One and Two as charged in the information therefore are legally sufficient.

Mr. Purse's third argument is that "[t]he government must prove that Mr. Purse (1) knew the area was 'posted, cordoned off, or otherwise restricted[,]' (2) knew those restrictions were put in place by a Federal law enforcement agency in coordination with the Secret Service, and (3) knew that there was a person protected by the Secret Service in the Capitol Building." Mem. at 24. Mr. Purse is correct that the government must allege and ultimately prove that he "knew the area was 'posted, cordoned off, or otherwise restricted.'" Id. As discussed above, however, the government need not allege that he knew that "those

7

restrictions were put in place by a Federal law enforcement agency in coordination with the Secret Service," id., because "the statute does not require any particular method for restricting a building or grounds." United States v. McHugh, 583 F.Supp.3d at 30-31; see United States v. Puma, 596 F. Supp. 3d at 109.

That leaves Mr. Purse's argument that the government has the burden to show that he "knew that there was a person protected by the Secret Service in the Capitol Building." Id. Mr. Purse asserts that it is impossible for the government to provide evidence that he knew "Vice President Pence had refused to evacuate the Capitol Building" and was thus present in the Capitol when Mr. Purse entered. See id. The D.C. Circuit's recent decision in United States v. Griffin, 119 F.4th 1001 (D.C. Cir. 2024), forecloses this argument.

In Griffin, the D.C. Circuit considered, inter alia, whether Section 1752 "requires proof . . . that [the defendant] knew that a Secret Service protectee was or would be temporarily visiting the Capitol grounds." United States v. Griffin, 119 F.4th at 1012. The D.C. Circuit expressly held that it did not, stating:

> [W]e hold that a conviction for knowingly entering and remaining on such grounds in violation of section 1752(a)(1) required only that Griffin knew that he had entered or remained in a "posted, cordoned off, or otherwise restricted" area where he was not authorized to be. The government was not required to prove that Griffin was aware that the Vice President's presence was the reason the grounds remained restricted.

Id. at 1004. In other words, "[a] person trespassing on grounds he knows are restricted, where he knows he lacks permission to be, may be convicted of a federal misdemeanor trespass under

8

section 1752(a)(1) even if he does not know that a Secret Service protectee is within." Id. at 1012.[3]

The court of appeals began with the text of the statute and easily concluded that the word "knowingly" modified only the act of "enter[ing] or remain[ing] in any restricted building or grounds without lawful authority." 18 U.S.C. § 1752(a)(1); see United States v. Griffin, 119 F.4th at 1013-14. The word "knowingly" does not require a defendant also to know that there was a person protected by the Secret Service in the Capitol Building or grounds or in a building or grounds where a Secret Service protectee "is or will be visiting." 18 U.S.C. § 1752(c)(1)(B); see United States v. Griffin, 119 F.4th at 1013-14. Relying on established Supreme Court precedent, the D.C. Circuit observed that Section 1752's text "is sufficiently long to raise 'questions . . . about how far into the statute" the modifier "knowingly" extends. Id. at 1014 (quoting Rehaif v. United States, 588 U.S. 225, 230 (2019)). Given the "matryoshka doll of nested statutory references," the court reasoned that under Rehaif and United States v. X-Citement Video, Inc., 513 U.S. 64, 229 (1994), the "most natural grammatical reading" of Section 1752 is that "knowingly" would only modify the immediately surrounding elements – that is, "knowingly enters or remains in any . . . posted, cordoned off, or otherwise restricted area," United States v. Griffin, 119 F.4th at 1013-14, and does not extend to the definition of "restricted building or grounds" contained in Section 1752(c)(1).

The D.C. Circuit next highlighted the principle that federal criminal statutes "contain jurisdictional elements that 'connect the law to one of Congress's enumerated powers,

---

[3] While Griffin was specifically in the context of Section 1752(a)(1), the D.C. Circuit's analysis applies equally to Section 1752(a)(2). See United States v. Lee, Crim. No. 23-0368 (TNM), 2024 WL 4836401, at *5 (D.D.C. Nov. 20, 2024) (applying analysis in Griffin to both Sections 1752(a)(1) and (2) charges).

9

thus establishing legislative authority.'" United States v. Griffin, 119 F.4th at 1015 (quoting Torres v. Lynch, 578 U.S. 452, 467 (2016)). While Congress may apply "a mental state requirement to a jurisdictional element," courts "presume that 'the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute,'" and thus is a "jurisdictional only" element. Id. at 1015 (quoting United States v. Feola, 420 U.S. 671, 676 n.9 (1975)). Reasoning that Section 1752(c)(1) – which defines "restricted area" as, inter alia, "a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting" – is a "jurisdictional only" element, id. at 1015-16, the court concluded that "under binding Supreme Court precedent," such elements "need not be [ ] in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." Id. at 1016 (quoting United States v. Feola, 420 U.S. at 676 n.9); see id. at 1018 ("The rule from Feola is thus clear: When an element of a criminal offense serves as the basis for Congress's authority to legislate, . . . the element is treated as 'jurisdictional only' and courts presume that knowledge of that element is not required."). The Circuit then noted that its textual reading of the statute is supported by the purpose and context of Section 1752, concluding:

> Griffin's approach would surely hinder the Secret Service's capacity to handle the full range of potential threats. Congress's intent in enacting and amending the statute was to provide the Secret Service with consistent and effective federal-law tools so it would no longer have to rely on uneven protections of state law. But, by requiring proof that each intruder knew "the President or other person protected by the Secret Service is or will be temporarily visiting," Griffin's reading would make a section 1752(a)(1) violation significantly harder to prove than its state-law counterparts. That added proof burden might not hinder the Secret Service's ability to detain and prosecute someone who breached a security perimeter with the avowed intent to confront a particular protectee. But, as the events of January 6 illustrate, Griffin's reading would substantially undercut the Secret Service's ability to fulfill its protective mission

> in volatile situations where potential intruders outnumber agents. More broadly, his reading would embolden people to breach Secret Service zones of protection with confidence that, so long as no agent tells them the reason the area is cordoned off (and they keep under wraps such knowledge they might have from other sources), section 1752(a)(1) will not reach them.

Id. at 1025.

In sum, the D.C. Circuit in Griffin held that while Section 1752(a)(1) requires the government to prove that the defendant knew that he was in a "posted, cordoned off, or otherwise restricted area," the government is not required to prove that the defendant knew the area was "a building or grounds where a person protected by the Secret Service is or will be temporarily visiting." United States v. Griffin, 119 F.4th at 1025; accord United States v. Kelley, Crim. No. 22-408 (CKK), 2024 WL 4708086, at *16 (D.D.C. Nov. 7, 2024). In light of this analysis, the fact that "Mr. Purse could not have known that Vice President Pence had refused to evacuate the Capitol Building" is of no moment. Reply at 24. The Court therefore must reject Mr. Purse's second argument for dismissing Counts One and Two.

Mr. Purse's final argument for dismissing Counts One and Two is that Section 1752(a) is void for vagueness. See Reply at 22-23. Mr. Purse essentially recycles the arguments discussed above as reasons why the statutory provisions are vague. See, e.g., id. at 22 (arguing the term "restricted buildings or grounds" is "unconstitutionally vague because it . . . is unclear who precisely can make an area restricted . . ."). The Court therefore has already addressed the specific bases for Mr. Purse's vagueness arguments. Furthermore, consistent with other decisions in this Court, including by the undersigned, the Court finds that Section 1752(a) is not unconstitutionally vague. See United States v. Gossjankowski, Crim. No. 21-0123 (PLF), 2023 WL 130817, at *7 (D.D.C. Jan. 9, 2023); United States v. Nordean, 579 F. Supp. 3d 28, 60

(D.D.C. 2021); United States v. Griffin, 549 F. Supp. 3d 49, 57 (D.D.C. 2021), aff'd, 119 F.4th 1001 (D.C. Cir. 2024).

Mr. Purse's motion to dismiss with respect to Counts One and Two of the Superseding Information is denied.

### B. The Government's Factual Allegations

Mr. Purse's remaining arguments challenge the sufficiency of "the facts proffered by the government," Mem. at 27, despite his later reframing of these arguments as relating to the government's failure to allege any violation of the statutes at issue as "a matter of law." Reply at 24. As already discussed above in the context of Counts One and Two, such arguments challenging the sufficiency of evidence fall outside the scope of a motion to dismiss. See United States v. Warnagiris, 699 F. Supp. 3d at 40.

As to the legal sufficiency of the remaining counts – Counts Three and Four, charging violations of 40 U.S.C. § 5104(e)(2) – the Court concludes that they are legally sufficient. Sections 5104(e)(2)(D) and (G) provide:

> Violent entry and disorderly conduct. – An individual or group of individuals may not willfully and knowingly –
>
> > (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; [or] . . .
>
> > (G) parade, demonstrate, or picket in any of the Capitol Buildings.

40 U.S.C. §§ 5104(e)(2)(D), (G). Count Three of the Superseding Information charges:

> On or about January 6, 2021, in the District of Columbia, MATTHEW THOMAS PURSE willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress.

Superseding Information. And Count Four charges:

> On or about January 6, 2021, in the District of Columbia, MATTHEW THOMAS PURSE willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building.

Id.

The Court first concludes that both counts "'set forth all the elements necessary to constitute the offence intended to be punished'" by "echo[ing] the operative statutory text." United States v. Williamson, 903 F.3d at 130 (quoting Hamling v. United States, 418 U.S. at 117). Second, the counts provide sufficient factual matter – including the "the time and place of the offense," United States v. Williamson, 903 F.3d at 130 – such that Mr. Purse is "fairly inform[ed]" of the charges and thus "may defend against them." United States v. Safavian, 429 F. Supp. 2d at 158. Because the Counts Three and Four of the Superseding Information contain both the "elements of the offense charged" and "the essential facts constituting the offense," id. (citations omitted), the counts provide sufficient information as to allow Mr. Purse to defend against the charges and "plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. at 117. See United States v. Williamson, 903 F.3d at 130 ("[A]n indictment parroting the language of a federal criminal statute is often sufficient.") (quoting United States v. Resendiz-Ponce, 549 U.S. at 109); United States v. Baez, Crim. No. 21-0507 (PLF), 2023 WL 3846169, at *10 (D.D.C. June 2, 2023) (denying motion to

13

dismiss charge brought pursuant to Section 5104(e)(2)(G) because "the Court may not consider the facts at this stage of the proceedings").

### III. CONCLUSION

In light of the foregoing, Matthew Purse's Motion to Dismiss the Indictment [Dkt. No. 34] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/2/24